## GREEN v. ABRAHAM.

1. ACKNOWLEDGMENT : *Party to deed can not take.*

An acknowledgment of the execution of a deed taken by a party to it does not authorize it to be recorded, and the record of it imparts no notice to subsequent purchasers or incumbrancers. But such acknowledgment taken before the curing act of March 8, 1883, was validated by that act, except in cases where it affected vested rights, or the conveyances of minors or insane persons.

Green v. Abraham.

2. **LEGISLATURE:** *Power to pass healing acts.*

The Legislature has power to pass healing acts which do not impair the obligation of contracts nor interfere with vested rights.

3. **SAME:** *Same.*

The rule in regard to healing acts is this; if the thing omitted or failed to be done, and which constitutes the defect in the proceedings, is something which the Legislature might have dispensed with by a previous statute, it may do so by a subsequent one. And if the irregularity consists in *doing* some act, or in the *mode* or *manner* of doing it, which the Legislature might have made immaterial by a prior law, it may do so by a subsequent one.

4. **STATUTES::** *Healing, affect pending suits.*

The bringing of a suit vests in a party no right to a particular decision. His case must be determined on the law as it stands at the time of the judgment—not at the bringing of the suit; and if pending an appeal the law is changed, the appellate court must determine the case under the law in force at the time of its decision.

5. **SAME:** *Same.*

McReynolds executed a mortgage to Green in 1882, which was acknowledged before Green as a notary public and recorded. Afterwards a constable levied on the property an execution against McReynolds, and Green brought replevin for it. HELD : That the acknowledgment could not be taken by Green and the record was no notice; but both were validated by the curing act of March 8, 1883, except as against purchasers, and that the constable was not a purchaser, but succeeded only to the rights of the mortgagor, and neither of them had a vested right to a defense based upon an informality which did not affect their substantial equities.

APPEAL from *Clark* Circuit Court.

Hon. H. B. STUART, Circuit Judge.

*A. S. B. Green, pro se.*

The acknowledgment, if void, was cured by the *Act of March* 8, 1883, *p.* 107, and the trust deed bound the

property to the exclusion of the execution. *Act Feb.* 11, 1875, *p.* 149.

The deed of trust was good as between the parties there being no subsequent intervening rights. 25 *Ark.*, 152.

*J. H. Abraham, pro se.*

The acknowledgment having been taken before a party to the deed, was void. 46 *Ga.*, 253; 61 *Ill.*, 307; 20 *Iowa*, 231; 20 *Mo.*, 413; 83 *Ill.*, 136; *Jones Ch. Mort.*, *Sec.* 249; 12 *Cent. Law J.*, 502, and the execution lien prevails.

SMITH, J.  Green brought replevin against Abraham for thirty bushels of corn.  The plaintiff's title was derived from a deed of trust upon an unplanted crop, executed March 1, 1882, by one McReynolds to the plaintiff as trustee for Porter & Reeves.  The deed was acknowledged before the plaintiff himself as a notary public and was spread upon the record of the county of the maker's residence.  The defendant as constable of Caddo township had, in October, 1882, seized the corn, part of said crop, under an execution to him directed against the goods and chattels of said McReynolds.  The cause was tried in August, 1883, upon an agreed statement of facts, a jury being waived, and the Circuit Court was of the opinion that the deed of trust was void as against the defendant by reason of its defective acknowledgment and gave judgment accordingly.

1. Ac-KNOWLEDGMENT. Party to deed cannot take.

The acknowledgment, having been taken and certified by an officer, who was a party to the deed, did not entitle the instrument to record and the record of it imparted no notice to subsequent purchasers or incumbrancers. *Wilson v. Traer*, 20 *Iowa*, 231; *Beaman v. Whitney*, 20 *Me.*,

413; *Withers v. Baird*, 7 *Watts*, 227; *Brown v. Moore*, 38 *Texas*, 645; *Stevens v. Hampton*, 46 *Mo.*, 404; *Hammers v. Dole*, 61 *Ill.*, 307. But on the 8th of March 1883, the Legislature passed " an Act for the better quieting of titles, " the sixth section of which enacts " that all deeds and other conveyances recorded prior to January 1, 1883, purporting to have been acknowledged before any officer, and which have not heretofore been invalidated by any judicial proceeding shall be held valid to pass the estate which such conveyance purports to transfer, although such acknowledgment may have been on any account defective " (excepting conveyances by minors or insane persons). And the proviso declares " that the record of all such instruments shall be as valid as if they had been acknowledged and recorded according to law.

This is a retrospective law; that is, it was made to oper ate on past transactions, and conveyances. But our constitution contains no inhibition against legislation of this kind, provided the obligation of the contract be not thereby impaired. And in the absence of such restraint, the constitutionality and effect of curative statutes are thoroughly well settled. *Cooley's Const. Lim's. 4th Ed.*, 460–79; *Article on this subject by Judge Cooley in* 12 *Cent. Law Jour.*, 2; *Freeman on Void Jud. Sales Ch.* VI; *State v. Squires* 26 *Iowa*, 340.

" The rule applicable to cases of this description is substantially the following: If the thing wanting, or failed to be done, and which constitutes the defect in the proceedings, is something the necessity for which the Legislature might have dispensed with by prior statute, then it is not beyond the power of the Legislature to dispense with it by subsequent statute. And if the irregularity consists in doing some act, or in the mode or manner of doing some act which the Legislature might have made immaterial by prior law, it is equally competent

to make the same immaterial by a subsequent law." *Cooley's Const. Lim's.*, 463.

Hence deeds not executed in the mode prescribed by statute may be made valid by a statute passed after their execution. *Watson v. Mercer*, 8 *Pet.*, 88; *Chestnut v. Sham's Lessee*, 16 *Ohio*, 599; *Newman v. Samuels*, 17 *Iowa*, 528; *Journeay v. Gibson*, 56 *Pa. St.*, 57; *Shonk v. Brown*, 61 *Id.*, 327; *Dulany v. Tilgman*, 6 *G. and J.*, 461; *Deutzel v. Maldie*, 30 *Cal.*, 138.

4. Healing Acts pending suits.

"Nor is it important * * * * that the legislative act which cures the irregularity, defect or want of original authority was passed after suit brought, in which such irregularity or defect became a matter of importance. The bringing of suit vests in a party no right to a particular decision ; and his case must be determined on the law as it stands, not when the suit was brought but when the judgment is rendered. * * * * And if a case is appealed, and pending the appeal the law is changed, the appellate court must dispose of the case under the law in force when their decision is rendered." *Cooley's Const. Lim's.* 476.

This doctrine has been approved and applied by this court in *Vaughan v. Bowie* 29 *Ark.*, 278. A bill was filed on the 18th of April, 1873, to enjoin an illegal tax. According to previous decisions a court of equity had not at that time jurisdiction to entertain such a suit. But before the cause was heard, an act was passed giving the circuit court power to grant injunctions in all cases of illegal and unauthorized taxes and assessments. *Gantt's Dig. Sec.*, 3451. And it was held that the effect of the statute was retroactive upon all undetermined cases and invested the court with jurisdiction as soon as it was passed, although it had none at the inception of the case.

5. SAME. But such healing acts are not permitted to interfere

with or disturb vested rights. A purchaser from McReynolds of this crop between the recording of the trust deed and the passage of the law, could not be deprived of his property by an act which retrospectively deprived Reynolds of the title he had when the purchase was made. But the constable, levying his execution upon the corn as the property of McReynolds, is not a purchaser. He has indeed succeeded to the rights of McReynolds, so far as this action is concerned; but his equities are no greater than those of McReynolds. And neither he, nor McReynolds, can have a vested right to a defence based upon an informality which does not affect his substantial equities.

" Laws, curing defects which would otherwise operate to frustrate what must be presumed to be the desire of the party affected, can not be considered as taking away vested rights. Courts do not regard rights as vested contrary to the justice and equity of the case." *State v. Newark,* 25 *N. J.,* 197.

The Circuit Court erred in not giving effect to the law. Its judgment is reversed and a new trial is ordered.