Cupp v. Welch.

CUPP v. WELCH.

ACKNOWLEDGEMENT OF DEEDS: *Curative act of 1883: Administrator's deed recorded without acknowledgement before an officer.*

The act of 1883 to cure defective acknowledgements, made valid the acknowledgement and record of an administrator's deed which was never acknowledged before any officer, but which *purports* to have been acknowledged before a justice of the peace in 1869, and which was recorded in 1870. Under *Mansf. Dig.* sec. 668, such deed is therefore *prima facie* evidence of its recitals and of the legality and regularity of the administrator's sale

APPEAL from *Greene* Circuit Court.

W. H. CATE, Judge.

*L. L. Mack,* for appellant.

1. The acknowledgement of Stewart, if defective or even a forgery, was cured by the act of 1883. The deed purported to be acknowledged before an officer and was recorded before the passage of the act. *Mansf. Dig.,* sec. 683 ; 44 *Ark.,* 371 ; 43 *Id.,* 423 ; 47 *Id.,* 417.

The acknowledgement does not convey the land, and the legislature had the power to dispense with acknowledgements altogether. *Supra.*

2. *Section* 668 *Mansf. Dig.,* provides that administrators' deeds shall be evidence of the facts therein recited, &c., &c.

*E. F. Brown* for appellee.

1. The action of Stewart in signing the justice's name to the acknowledgement was a forgery. The acknowledge-

ment of a deed before a party to the instrument does not entitle the instrument to record, and the record of it imparted no notice to subsequent purchasers.   43 *Ark.*, 422 ;  50 *Iowa*, 231 ; 20 *Me.*, 413.

2. No sale and confirmation by the probate court is shown.

3. A certificate of acknowledgement is of no value as to the facts stated in it, if the law did not entrust the party taking it to certify the fact, and the record of the instrument does not cure the defect.   17 *Mo..* 71; 37 *Ark.*, 148 ; 38 *Id.*, 383 ; 1 *Bish. Mar. Women*, sec. 591.

4. This acknowledgement being a forgery, could not be cured by *Act* 1883, sec. 4 ; 43 *Ark.*, 433.


BATTLE, J.   This action was instituted by appellees, James C. and Ivey B. Welch, against appellant, Margaret E. Cupp, to recover a certain tract of land in Greene county. Appellees allege in their complaint that their grand-father, Ivey Welch, died seized and possessed of the land; that they are his sole heirs and entitled to its possession ; and that appellant has been in unlawful possession for sixteen years.

Appellant answered and admitted that Ivey Welch died seized and possessed of the land, but alleged among other things, that A. L. Stewart was duly appointed administrator of his estate by the probate court of Greene county ;  that said administrator was ordered and directed by the Greene probate court, at its October term for 1867, to sell the land ; that, in obedience to said order, it was sold at public sale by the administrator, and was purchased by Jacob Cupp, her husband ; that the sale was reported to and confirmed by the probate court, and the administsator was ordered to convey the land to the purchaser, which he did ; that Cupp took possession under the deed executed to him, and held the same continuously until 1882 ; that it constituted his home-

stead at the time he died ; and that she has held possession since his death.   She also pleaded the statute of limitations.

In the trial appellees introduced evidence tending to prove the allegations in their complaint.   Appellant, on her part, introduced evidence tending to prove that the records of the probate court of Greene county prior to 1876 were burned in that year; that Stewart was the administrator of the estate of Ivey Welch, the former owner of the land in controversy ; that an order to sell the land was made by the probate court; and that it was sold, and purchased by Cupp. The deed was also introduced in evidence.   It recites substantially what is alleged in appellant's answer in respect to the order of sale, report and confirmation thereof, and that the purchase money had been paid.   It purports to have been acknowledged by Stewart, as administrator before James N. McCullough, an acting and duly commissioned justice of the peace in and for Greene county, on the 27th of July, 1869, and was recorded on the 24th of February, 1870, and on the 31st of August 1885.   Evidence was adduced tending to show that the deed was not acknowledged before McCullough, before whom it purports to have been acknowledged, and that the certificate of acknowledgment and the name thereto signed, were in the handwriting of Stewart.

The court below instructed the jury, that to constitute " a valid sale of the land of a deceased person, there must be an administrator duly appointed by the" proper court, and an order of sale by such court, a sale, and a confirmation thereof by the court, and the execution of a deed ; that these facts may be proven by the deed ; and if the defendant held under a deed purporting to have been executed by the administrator of Welch, and it was duly recorded, it is evidence of its recitals; but, if it was not duly acknowledged, as required by law, it could not be recorded, and would not, if recorded,

be evidence of its recitals; and that there was no acknowl-
edgement of the deed to Cupp, unless Stewart actually ap-
peared in person before the justice of the peace and ac-
knowledged it. Appellant objected to these instructions;
and now relies on her exceptions to the same as ground
for reversing the judgment of the court below.

The deed in question was not acknowledged before any
officer. But an act was passed by the legislature of this
state on the 8th of March, 1883, the sixth section of which
is as follows: "All deeds and other conveyances recorded
prior to the first day of January, 1883, *purporting* to have
been acknowledged before any officer, and which have not
heretofore been invalidated by any judicial proceeding, shall
be held valid to pass the estate which such conveyance pur-
ports to transfer, although such acknowledgement may have
been on any account defective [excepting only cases where
such conveyance shall have been executed by minors or in-
sane persons]; provided, that the record of all such instru-
ments shall be as valid as if they had been acknowledged
and recorded according to law."

*In Greene v. Abraham*, 43 *Ark.*, 420, it was held that the
acknowledgment of a mortgage before the mortgagee, a
notary public, and the record thereof, were validated by the
act. In *Johnson v. Richardson*, 44 *Ark.*, 365, it was held,
the act validated a defective acknowledgment by a married
woman of her relinquishment of dower and cut off her right
to dower in the land conveyed. And in *Apel v. Kelsey*, 47
*Ark.*, 413, we held it validated an acknowledgement of a
deed taken before a justice of the peace of another state in
1879, so as to make a certified copy of it competent evidence
without proof of its execution, it having been recorded prior
to January 1, 1883. In two of these cases the acknowledg-
ments were taken before officers not authorized to take
them; and the acknowledgments and the record of the

deeds were void. In the other case the right of dower of the wife in the husband's lands did not pass to the grantee, because the certificate of her acknowledgment was defective. In these cases the effect of the act was to make the deeds as valid and effectual to all intents and purposes as they would have been had they been properly acknowledged and recorded in the first instance. The statutes of this state provide, that "all deeds of conveyance made by administrators, executors, guardians, and commissioners in chancery, and deeds made and executed by sheriffs of real estate sold under execution, duly made and executed, acknowledged and recorded, as required by law, and purporting to convey real estate, shall vest in the grantees, his heirs and assigns, a good and valid title, both in law and equity, and shall be evidence of the facts therein recited, and of the legality and regularity of the sale of the lands so conveyed until the contrary is made to appear." Now, if the effect of the act of March 8th in the cases cited, was to make void acknowledgments and records of deeds valid, and the deeds competent evidence, why does it not make the deed in question *prima facie* evidence of its recitals, and of the legality and regularity of the sale to Cupp?

In *Greene v. Abraham, supra,* in speaking of the power of the legislature to pass curative acts, this court said: "The rule applicable to cases of this description is substantially the following: If the thing wanting, or failed to be done, and which constitutes the defect in the proceedings, is something the necessity for which the legislature might have dispensed with by prior statute, then it is not beyond the power of the legislature to dispense with it by subsequent statute. And if the irregularity consists in doing some act, or the mode or manner of doing some act which the legislature might have made immaterial by prior law, it is equally com-

petent to make the same immaterial by a subsequent law. *Cooley Const. Lim.*, 463."

The manifest object of the act in question is to make all deeds recorded prior to January 1, 1883, *purporting* to have been acknowledged before any officer, except those executed by minors and insane persons and those invalidated by judicial proceedings before the passage of the act, as valid as if they had been acknowledged and recorded according to law. The effect of it is, to give to the deeds to which it applies, the same force and effect they would have had, had they been properly acknowledged and recorded in the beginning.

The deed in question purports to have been acknowledged before an officer, and was recorded before the first of January, 1883. Did the legislature have the power to give it the same force and effect it would have had, had it been properly acknowledged? We think so. The office performed by the acknowledgement of a deed like the one in question is, to make the deed admissible as evidence without any proof of its execution, except the certificate of such acknowledgement, and to entitle it to record. It does not convey the land, and the legislature can dispense with it altogether. It is only necessary because required by act of the legislature. The legislature having the power to dispense with it, or to prescribe the mode of acknowledgement, could by subsequent statute make the acknowledgement and record of the deed in question as valid as if it had been acknowledged and recorded according to law, and make it *prima facie* valid to pass the estate it purports to transfer, and thereby, *prima facie* evidence of its recitals and the regularity and legality of the sale made by the administrator; and having the power, has done so.

The judgment of the court below is, therefore, reversed and this cause is remanded for a new trial.

Acknowledgment of Deeds: Curative act of 1883: Administrator's deed recorded without acknowledgment before an officer.