SIDWAY *v.* LAWSON.

Opinion delivered October 21, 1893.

1. *Power of legislature to cure defects.*
   The legislature has power to cure a defect in proceedings, conveyances and acknowledgments by a retrospective statute, wherever the defect or thing wanting is something the necessity for which it might have dispensed with by prior statute.

2. *Effect of curing act on pending suits.*
   Unless pending suits are excepted, acts curing irregularities in the execution or acknowledgment of conveyances operate upon suits pending in equity, on appeal or otherwise, at the time of their passage.

3. *Conveyance of homestead—Defective execution.*
   Failure of a wife to join with her husband in executing and acknowledging a conveyance of his homestead, as required by

the act of March 18, 1887, is a defect which was cured by the subsequent act of April 13, 1893, if no third person had acquired an interest in the land affected by the conveyance.

Appeal from Carroll Circuit Court in Chancery, Eastern District.

EDWARD S. McDANIEL, Judge.

*U. M. & G. B. Rose* and *W. F. Pace* for appellants.

There is no usury. 33 Ark. 645; 35 *id.* 53; *ib.* 55; 26 *id.* 358. Questions of interest and usury are determined by the law of the place of payment, regardless of the situs of the property pledged as security. The mortgage is only an incident of the debt. 3 Ark. 727; 2 Vern. 395; 10 Wheat. 383; 3 Green's Chy. 128; 1 Hast. Chy. 17; 14 N. J. Eq. 56; 7 Oh. St. 388; 10 R. I. 393; 14 Am. Rep. 691–2; 1 Neb. 108; 93 Am. Dec. 331; 11 Iowa, 1; Story, Conf. Laws, sec. 287 *a*; 1 Suth. Dam. 641.

*Crump & Watkins* and *W. S. McCain* for appellees.

1. The mortgage is void under the Acts of 1887, p. 90. The wife did not join in the deed. She only relinquished dower. This is not sufficient. Thompson, Homest. sec. 528–534; 21 Ill. 45; 89 *id.* 320; 2 Allen, 202; 11 Gray, 332; 13 Bush, 391; 53 Iowa, 481; 55 *id.* 753.

2. The evidence makes a clear case of usury. 54 Ark. 40. The rule in 26 Ark. 358 and 33 *id.* 645 has been abolished by statute. Mansf. Dig. sec. 4736.

*U. M. & G. B. Rose* in reply.

1. There is an express release of homestead in the mortgage.

2. Sec. 4736, Mansf. Dig., is only a privilege, and not a prohibition.

*Rose, Hemingway & Rose* for appellants.

If the mortgage was void under the act of 1887, it is cured by the act of 1893. It applies to pending suits. 42 Ark. 141 has been overruled. 43 Ark. 421; 44 *id.* 365; 45 *id.* 41; 48 *id.* 187; Cooley, Const. Lim. (6th ed.) 468; 30 Cal. 138.

*Crump & Watkins* and *W. S. McCain* for appellees on the act of 1893.

The act of 1893 does not apply to a case pending in this court on appeal. 42 Ark. 141. This case has not been doubted or overruled. See 16 Ark. 384; Rose on the Constitution, 60.

BATTLE, J. This was an equitable action, commenced by Lawson and wife against L. B. Sidway, to set aside a deed of mortgage on account of usury. The defendant answered, denying the usury and making his answer a cross-complaint, asked for a decree for the possession of the lands conveyed by the deed, according to the terms thereof; and then the plaintiffs answered, saying that the mortgage was void because the property mentioned therein was their homestead.

The circuit court found that the mortgage, and the note which it was given to secure, were tainted with usury, and declared the mortgage canceled, set aside, and held for naught; and the defendant appealed.

Upon a careful consideration of the evidence adduced at the hearing in the court below, we are of the opinion that there is no usury in the note or mortgage.

The mortgage was signed and delivered by the appellees to appellant, and purports to convey to him certain lands of the husband, which constitute their homestead, in trust to secure the payment of a promissory note of Lawson. Appellees contend that it was not executed in accordance with the requirements of the act entitled "An act to render more effectual the constitu-

tional exemption of homestead," approved March 18, 1887, because the wife did not "join in the execution" of the same, and is, therefore, void; and appellant insists that if the contention of appellees be correct, it was validated by the act entitled "An act to cure defective conveyances and acknowledgements," approved April 13, 1893.

Section one of the act of March 18 provides, "that no conveyance, mortgage or other instrument affecting the homestead of any married man shall be of any validity except for taxes, laborers' and mechanics' liens, and the purchase money, unless his wife joins in the execution of such instrument and acknowledges the same;" and the act of April 13, declared that all such conveyances, mortgages, and instruments, which have been executed since the 18th of March, 1887, and are defective or ineffectual because they were not executed and acknowledged in compliance with section one, and the record thereof, shall be as valid and effectual as though the "act to render more effectual the constitutional exemption of homestead" had never been passed.

The final decree of the circuit court in this action was rendered on the 24th day of August, 1891. It is contended, in behalf of appellees, that the latter act does not affect the mortgage in question, because this decree was pronounced on a day prior to its enactment. *Wright* v. *Graham*, 42 Ark. 140, supports this contention, but appellant insists that it is clearly erroneous, and should be overruled.

1. Power of legislature to cure defects. As to the power of the legislature to cure defects in proceedings, conveyances and acknowledgments by a retrospective statute, it is said : "If the thing wanting, or failed to be done, and which constitutes the defect in the proceedings, is something the necessity for which the legislature might have dispensed with by prior statute, then it is not beyond the power of the legislature to

dispense with it by a subsequent statute. And if the irregularity consists in doing some act, or in the mode or manner of doing some act, which the legislature might have made immaterial by prior law, it is equally competent to make the same immaterial by a subsequent law." *Green* v. *Abraham*, 43 Ark. 420 ; Cooley's Const. Lim. (6th ed.) 457.

This power is further limited. The legislature cannot, by the enactment of a retrospective statute, exercise a power in its nature clearly judicial. It is prohibited from so doing by the constitution. The powers of the government are divided into three distinct departments, the legislative, executive and judicial ; and every " person or collection of persons, being of one of these departments," is prohibited from exercising " any power belonging to either of the others," except wherein it is expressly directed or permitted by the constitution. Constitution of 1874, art. 4.

Under our constitution it is within the exclusive province of the courts to determine adversary suits within their jurisdiction pending between litigants, according to established principles, " and to enforce their decisions by rendering judgments and executing them by suitable process." The legislature cannot control them in the exercise of such jurisdiction by declaratory statutes designed to interpret previous enactments ; or determine the rights of such litigants by substituting in the place of the well settled rules of law its arbitrary will ; or set aside or annul final judgments or decrees ; or grant or authorize a new trial ; or direct a rehearing of a cause after it has been finally determined, and the judgment therein has become final and conclusive on the parties ; or allow an appeal from a judgment or decree after the time for taking it has expired. *Denny* v. *Mattoon*, 2 Allen, 361 ; *Richards* v. *Rote*, 68 Pa. St. 248 ; *McDaniel* v. *Correll*, 19 Ill. 226 ; *Lewis* v. *Webb*, 3

Greenleaf, \*326; *Mayor* v. *Horn*, 26 Md. 194; *Pryor* v. *Downey*, 50 Cal. 388; *Dorsey* v. *Dorsey*, 37 Md. 64; *Yeatman* v. *Day*, 79 Ky. 186; *Moser* v. *White*, 29 Mich. 59. This power cannot be constitutionally exercised by the legislature, because, if it could, the legislature would have the right to deprive the judiciary of its most essential prerogative. In that case the courts could no longer finally adjudicate and determine the rights of litigants. "The will of the legislature would be substituted in the place of fixed rules and established principles, by which alone judicial tribunals can be governed. The power to correct errors, and to revise and reverse judgments, which, in the strictest sense of the word, has always been deemed essentially judicial, would be transferred to the legislative branch of the government, even to the extent of controlling the final decrees of the tribunal of last resort." An exercise of such authority " would lead to the entire destruction of the order and harmony of our system of government, and to a manifest infraction of one of its fundamental principles."

2. Effect of curing act on pending suits. But the legislature can enact statutes on subjects which properly come within the cognizance of courts, which may form the basis of judicial consideration and judgment in suits pending at the time of their enactment. Curative statutes, when valid and applicable, should govern the courts in such cases, unless pending suits are excepted. They govern on the ground that " the bringing of the suit vests in a party no right to a particular decision, and his case must be determined on the law as it stands, not when the suit was brought, but when the judgment is rendered." *Green* v. *Abraham*, 43 Ark. 420; *Johnson* v. *Richardson*, 44 Ark. 365; *Beard* v. *Dansby*, 48 Ark. 183; Cooley's Const. Lim. 468, 469.

In *Wright* v. *Graham*, 42 Ark. 140, the court said: "The acknowledgement of the mortgage was

defective in that it did not state that it was executed by
the mortgagor for the consideration therein set forth.
*   *   *  It is urged that this defect was cured by an
act of 1883, passed for the purpose of curing defective
acknowledgements.  But this cause was decided before
the passage of that act, and we cannot consider it.
The question on appeal is, did the chancellor err?
That must be determined by the law as it then existed,
or we would overrule a decision which was correctly
made."  But this is not a correct statement of the law.
The final order appealed from in that case was a decree
in chancery.  The question in that case was not, "did
the chancellor err?"  The appeal transferred the action
to the appellate court, and it stood for rehearing upon
the same pleadings and evidence upon which it was
heard in the court below.  Upon that record the appel-
late court had the right to decide questions of law and
fact, and was as untrammeled in the exercise of this
right as the court below.  We, therefore, see no good
reason why the curative statute, in the absence of
vested rights acquired by third persons before its enact-
ment, should not have governed the appellate court, in
this state of the case, as it did inferior courts in suits
pending in them at the time of its passage.  The rights
of the parties were undetermined, and the appellate
court occupied the position of the court below at the
time it heard the cause and before the rendition of its
final decree ; and it was the duty of the appellate court
to have rendered judgment according to the law in force
at the time, as it was of the inferior court when it acted.
Such a construction of the curative act would not have
constituted its enactment an exercise of judicial power,
or violated the constitution, or infracted any fundamen-
tal principle of our government.  Cooley's Const. Lim.
(6th ed.) 468, 469.

Did the act of April 13 cure the defects in the mort-
gage in question, if any?  The name of the wife does

3. Defects
in convey-
ances of homo-
steads?

not appear in the granting part, nor anywhere else in the mortgage, except in a clause which declares that she releases to the grantee all her right or possibility of dower. If defective, it was because the wife did not join in its execution according to the act of March 18, 1887. That act made every instrument affecting the homestead of the husband invalid if the wife failed to join in its execution and acknowledge the same. It vested no additional interest in the wife. The husband could abandon the homestead, and it would become liable to his debts, notwithstanding the act of March 18, 1887. *Pipkin* v. *Williams*, 57 Ark. 242. The legislature undertook to create no interest or estate by the act, but to prescribe the manner in which instruments affecting the homestead of a married man should be executed and acknowledged ; at the same time recognizing the homestead as the husband's, and not the wife's, nor as the joint property of the husband and wife.

Assuming that the mortgage in question was invalid, the defect in the execution of it was cured by the act of 1893, no third party having acquired an interest in the land affected by it. It was such an instrument as the legislature can make valid by a retrospective statute. *Green* v. *Abraham*, 43 Ark. 420 ; *Johnson* v. *Richardson*, 44 Ark. 365 ; *Apel* v. *Kelsey*, 47 Ark. 413 ; *Cupp* v. *Welch*, 50 Ark. 294 ; Cooley's Const. Lim. 457. In validating it the legislature has only given effect to the act of the parties according to their intent.

This being an action in equity, the decree appealed from does not prevent the curative act of 1893 healing the defects in the mortgage and giving it effect according to the intention of the parties. It is now a valid mortgage.

The decree of the circuit court is, therefore, reversed, and the cause is remanded for proceedings consistent with this opinion.