PELT *v.* PAYNE.*

Opinion deliver March 30, 1895.

1.  HOMESTEAD—DEFECTIVE CONVEYANCE—CURING ACT.—The act of April, 13, 1893, curing defects in the execution and acknowledgment of conveyances of homesteads under the act of March 18, 1887, is constitutional, and operates upon suits in equity pending on appeal. *Sidway* v. *Lawson,* 58 Ark. 117, followed. (Page 602.)

*This case was omitted from 60 Ark., with the consent of the Chief Justice, and is here inserted because it is cited by the court on page 178 *infra.* (Rep.)

2. STATUTES—PRESUMPTION AS TO PASSAGE.—Where a legislative bill was signed by the Governor, deposited with the Secretary of State and duly published as a law of the State, it will be presumed, in the absence of any contrary showing, that it was duly enrolled and that the rules of the Legislature were complied with in its passage. (Page 603.)

3. SAME—PASSAGE.—An act is not invalid because the journals of the two houses do not show that it was enrolled, or that it was signed by the presiding officers. (Page 603.)

4. SAME—CURATIVE ACT—EFFECT UPON PENDING LITIGATION.—When a deed or other conveyance is invalid by reason of the failure of the parties thereto to conform to some formality imposed by the statute, the Legislature may by a subsequent act cure the defect and give the deed such effect as the parties intended that it should have at the time of its execution. (Page 603.)

Appeal from Lafayette Circuit Court in Chancery; *Charles W. Smith,* Judge; reversed.

*C. C. Hamby,* for appellants.

The mortgage was executed, the sale made and the decree rendered while the act of March 18, was in force. Acts 1887, p. 90. But since then the act of April 13, 1893, was passed, declaring all deeds, mortgages, etc., valid. The mortgage is good, and the decree below erroneous. The law in force at the time the court passes on a question is the law that governs. 58 Ark. 117.

*J. M. Montgomery,* for appellees.

1. The deed in this case was invalid *to every extent and as to all persons.* 57 Ark. 242. It was a nullity, and the Legislature cannot validate a nullity. 41 Ark. 331; Endl. Int. St. 291 *et seq.;* Cooley, Const. Lim. (2d Ed.), 377-8.

2. It is the policy of our law to throw every safeguard possible around the homestead, and to shield and protect it for the benefit of the wife, widow and orphans. 57 Ark. 242; Const. 1874, art. 9, § 6; 54 Ark. 12; 27 *Id.* 655. The mortgage was void or voidable at least, if the act of 1887 had not been passed. The wife has an estate in the homestead, in addition to dower. 58 Ark. 298; Thomp. Homest. § § 1-40, *et seq.;* Sand. & H. Dig. § 3714.

3. The act of 1893 was not passed in the manner required by law. 19 Ark. 204; 31 *Id.* 701; 33 *Id.* 17; 32 *Id.* 496; 40 *Id.* 200; 51 *Id.* 559.

RIDDICK, J. The appellees, Z. T. Payne *et al.*, being indebted to appellants, James Pelt and Samuel Pelt, partners under the firm name of Pelt & Bro., in the sum of seventeen hundred dollars, gave them a mortgage on lands to secure the same. The lands mortgaged consisted of the homestead of appellees, Z. T. Payne, W. B. Johnson and T. M. Davis. Each of said mortgagors was a married man, and the wife of neither of them joined in the deed except to relinquish dower. The appellees brought this suit in equity to have said mortgage declared void, and to remove it as a cloud from their title. There was a demurrer to the complaint, which was overruled, and, the appellants electing to stand on their demurrer, a decree was entered declaring said mortgage to be void, in accordance with the prayer of the complaint.

The decree in this case must be reversed, not because the chancellor committed an error, but for the reason that the Legislature has changed the law since the rendition of the decree. The act of March 18, 1887, providing that, with certain exceptions therein named, no conveyance, mortgage or other instrument affecting the homestead of any married man shall be of any validity "unless his wife joins in the execution of such instrument and acknowledges the same," was in force at the time the decree was rendered, and under that act the chancellor properly held that the mortgage in question was void. But the act of April 13, 1893, cured this defect in the mortgage by providing that all deeds and conveyances, etc., which are defective by reason of the act of March 18, 1887, should be "as valid and effectual as though said act had never been passed." Although this act of April 13, 1893, was passed after the rendition of the decree in this case, still our decision here must be controlled by it. *Sidway* v. *Lawson*, 58 Ark. 117.

At first thought, it may appear strange that a decree, correct at the time when rendered, should have to be reversed and set aside because the law was afterwards changed. It is true that courts do not usually give statutes a retroactive effect, and it is the general rule that the soundness of a decree must be tested by the law in force at the time of its rendition, but this is not so in all cases, for "when the language of the statute clearly indicates an intention that it shall have a retroactive effect, it must be so applied." *State* v. *Norwood*, 12 Md. 206.

"It is in general true," said Chief Justice Marshall, in the case of *United States* v. *Schooner Peggy*, "that the province of an appellate court is only to inquire whether a judgment when rendered was erroneous or not. But if, subsequent to the judgment and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied. If the law is constitutional, * * * I know of no court which can contest its obligation." *United States* v. *Schooner Peggy*, 1 Cranch, 37.

That case was decided in 1801, and the rule of law thus announced has been frequently followed. The same question came before this court in *Sidway* v. *Lawson*, 58 Ark. 117, when the effect of the act of 1893 was discussed, and it was held to be retroactive, and applied in a case similar to this. The court held that the appeal from a decree in chancery transferred the action to the appellate court, to be heard upon the same pleadings and evidence as in the court below, and that it was the duty of the appellate court to render judgment according to the law in force at the time.

It is further contended that the act of 1893 is of no validity, for the reason that the journal of the House does not show that it was enrolled, or that it was signed by the Speaker of the House or President of the Senate, or that it was delivered to the Governor. There is no constitutional requirement that the journal shall show that the bill was enrolled and signed. The journal does not show that the bill for the act in question was passed by the House. It was signed by the Governor, deposited with the Secretary of the State and duly published as a law of the State. It will therefore be presumed, in the absence of any showing to the contrary, that it was duly enrolled, and that the rules of the Legislature were complied with in its passage. *Chicot County* v. *Davies*, 40 Ark. 200; *Glidewell* v. *Martin*, 51 Ark. 559.

It has also been urged that this act is unconstitutional and void, for the reason that it was beyond the power of the Legislature to cure and make valid a void deed. We think that this contention is not based on sound principles, for it is settled law that when a deed or other conveyance is invalid by reason of the failure of the parties thereto to conform to some formality imposed by the statute, the Legislature, which imposed the formality, may by a subsequent act cure the defect and give the deed such

effect as the parties thereto intended that it should have at the time of its execution. "A party," says Judge COOLEY, "has no vested right in a defense based on an informality not affecting his substantial equities." Cooley, Const. Lim. 454; *Green* v. *Abraham,* 43 Ark. 420; *Sidway* v. *Lawson,* 58 Ark. 120. For these reasons, the judgment of the circuit court is reversed, and the cause remanded, with an order that the demurrer to the complaint be sustained.