MUENSE *v.* HARPER.

Opinion delivered April 5, 1902.

1. DEED—ACKNOWLEDGMENT BEFORE TRUSTEE.—An acknowledgment
   of a deed of trust, taken and certified by the trustee therein, does
   not entitle the instrument to record, and the record of it imports
   no notice to subsequent purchasers. (Page 311.)

2. CURATIVE ACT—DEFECTIVE ACKNOWLEDGMENT.—The act of February
   27, 1893, curing acknowledgments defective because the officer
   certifying such acknowledgment omitted any words in his certifi-
   cate, or because he failed to attach a proper seal, or because his
   term of office had expired, or because the certificate was otherwise
   informal, does not cure an acknowledgment which was taken by
   a party to the deed. (Page 311.)

3. TRUSTEE'S DEED—VALIDITY.—A trustee's deed of realty is insufficient
   as a muniment of title where it fails to show that the land brought
   two-thirds of its appraised value, or that it was offered for sale
   under the deed of trust more than once, as provided by Sand. & H.
   Dig., § 5111, and where this defect is not supplied by evidence
   *aliunde.* (Page 312.)

Appeal from Arkansas Chancery Court.

JOHN M. ELLIOTT, Chancellor.

Affirmed.

### STATEMENT BY THE COURT.

This was a suit instituted by Theodore Muense against S. E.
Harper, to remove a cloud upon his title to certain land described in
his complaint. Plaintiff alleged in his complaint that F. M. Gil-
lette, being the owner of the land, on the 1st day of November,
1892, by his deed of that date, sold and conveyed the same to one
H. R. Boyd, in trust to secure the payment of the sum of $2,000,
which he owed the Continental National Bank, of Memphis, Ten-
nessee; that the deed contained a power of sale authorizing the
trustee, upon default in the payment of the debt secured thereby,
to sell the land; that default was made, and the trustee, after
having caused the land to be appraised in the manner required by
law, and complied in all things with the law and the deed, sold

the same to the Continental National Bank at and for the price and sum of $1,905, more than two-thirds of its appraised value; that thereafter, on the 19th day of June, Boyd, as trustee, conveyed the land to the purchaser at said sale; and that, in the year 1897, the Continental National Bank conveyed the same to the plaintiff. He further alleged that the said F. M. Gillette, in the year 1894, conveyed the land to the defendant, and that this conveyance is a cloud upon his title, which he asked the court to remove. He filed, as exhibits to his complaint, the deed of trust, the conveyance by the trustee to the Continental National Bank, the deed executed by the bank to the plaintiff, and the deed of Gillette to the defendant. The execution of the deed of trust was acknowledged by Gillette before H. R. Boyd, the trustee named therein, in his official capacity of notary public. The deed of Gillette to the defendant. was executed and acknowledged on or before the 20th of March, 1894. Among other recitals, the deed of the trustee contained the following: "Whereas, pursuant to the request of the Continental National Bank, the said H. R. Boyd, under and by virtue of the power and authority conferred upon him in said trust deed, did offer for sale, at public auction, at the main front door of the county courthouse of Arkansas county, in the town of DeWitt, in the state of Arkansas, the described land, after the said property was duly appraised under the laws of the state of Arkansas, which said appraisement was in the sum of $————, and the said property was offered for sale, and was sold to the said Continental National Bank, for the sum of nineteen hundred and five dollars ($1,905)."

The defendant answered, denying, among other things, that there was any sale under the deed of trust, and that plaintiff was in possession of the land; and alleged that he was the owner by virtue of the deed executed to him by Gillette, and that he holds the same as trustee for certain creditors; and asked that his answer be taken as a cross bill, and that plaintiff's deed be cancelled as a cloud upon his title. And he filed exceptions to the plaintiff's muniments of title, in which he objected to the introduction of the deed of trust as evidence, because it was acknowledged before Boyd, the trustee therein; and objected to the introduction of the deed of the trustee to the bank as evidence, for the following reasons: "It does not recite facts sufficient to show a compliance with the laws of the state of Arkansas in the following respects: (a) It does not recite that the said lands were appraised by three qualified householders of Arkansas county; (b) it does not recite that they

were properly appraised by said householders in any sum whatsoever; * * * (d) it does not recite that said lands were sold for a sum equal to or greater than two-thirds of the appraised value of the said lands, as appraised by three householders of said county."

The only evidence in the case, other than the muniments of title of the respective parties, is that the bank and Muense have paid the taxes accrued against the land since the foreclosure of the mortgage, and that Muense was in possession of the land at the commencement of the suit, and had in good faith made improvements thereon of the value of $60. The cause was heard upon the pleadings and exhibits, the exceptions of defendant to the plaintiff's muniments of title, the depositions of plaintiff taken in his own behalf, and the agreement of the parties as to certain facts; and the court found that the deed of trust was not acknowledged in the manner prescribed by law, and was not entitled to record, and was of no effect as to defendant, and quieted the title of defendant to the land in controversy as to the same, and rendered judgment for the value of the improvements and for the amount paid for taxes, and ordered that the land be sold to pay the same, unless the judgment was paid in a specified time; and the plaintiff appealed.

*George C. Lewis,* for appellant.

The defect in the acknowledgment was cured by the act of 1893 (Sand. & H. Dig., § 742). 66. Ark. 226. No consideration being shown, the conveyance under which appellee claims is voluntary, and is postponed to the mortgage. 68 Ark. 162.

*Edwin Pettit,* for appellee.

The act of 1893 cures only those acknowledgments which are merely "informal." This acknowledgment was not "informal." 20 Ia. 233; 51 Ark. 423.

BATTLE, J., (after stating the facts.) The deed of trust created no lien on the land in controversy as against the appellee. "The acknowledgment, having been taken and certified by an officer who was a party to the deed, did not entitle the instrument to record, and the record of it imported no notice to subsequent purchasers or incumbrancers." *Green* v. *Abraham,* 43 Ark. 420.

Appellant concedes that the acknowledgment of the deed of trust by the grantor was invalid, but insists that the defect in it

was cured by the curative act of February 27, 1893. This act provides that "all conveyances and other instruments of writing which have heretofore been recorded in any county in this state, the proof of execution whereof is insufficient because the officer certifying such execution or acknowledgment omitted any words in his certificate, or because such officer failed or omitted to attach his seal of office to such certificate, or attached to any certificate any seal not bearing the words or devices required by law, or when the term of the officer taking the acknowledgment had expired at the time, *or otherwise informal,* shall be as valid and binding as though the certificate of acknowledgment or proof of execution was in due form and bore proper seal." The effect of it made the certificate of acknowledgment therein referred to as valid and binding as though they were in due form and bore proper seal. But it did not make them as valid as they would have been if the acknowledgment had been taken by an officer thereunto duly authorized. So it did not validate the acknowledgment of the deed of trust in question.

The record fails to show a valid sale under the deed of trust. The deed executed by the trustee to the bank is evidence only of the truth of its recitals. *McConnell* v. *Day,* 61 Ark. 464, 473. It fails to show, among other things, that the land brought two-thirds of its appraised value, or that it was offered for sale under the deed of trust more than once, as provided by section 5111 of Sandels & Hill's Digest; and this defect was not supplied by evidence *aliunde.*

Decree affirmed.