## McDonald, Administrator v. Norton, Administrator.

### Opinion delivered April 24, 1916.

1. ATTORNEY'S FEES—LIEN FOR.—Under Act 293, Acts of 1909, § 1, an attorney has a lien upon his client's cause of action from the commencement of the suit thereon, and if afterward the same becomes merged in a verdict, report, decision, judgment or final order in his client's favor, such lien shall attach thereto. The lien is upon the cause of action until merged, and then attaches to the thing into which the cause of action is merged.

2. ATTORNEY'S FEES—LIEN—CAUSE OF ACTION.—Act 293, Acts of 1909, gives to attorneys a lien upon their client's cause of action, and does not give merely a lien upon the suit and the proceeds which might result from the prosecution of it.

3. DEEDS—RECORD—LACK OF ACKNOWLEDGMENT.—An unacknowledged deed is not entitled to record, and the recording of such a deed is not constructive notice to any subsequent *bona fide* purchaser of the land for value.

4. ATTORNEY'S FEES—RECOVERY OF TIMBER—LIEN ON THE LAND.—A. deeded the timber upon certain land to R., but did not acknowledge the deed. Thereafter A. deeded the land to M., his son; R., through his attorneys thereafter brought an action against M. and regained possession of the timber for. R. *Held*, under Act 293, Acts of 1909, R.'s attorneys had a lien upon the land for their fees.

Appeal from Lee Chancery Court; *Edward D. Robertson*, Chancellor; affirmed.

STATEMENT BY THE COURT.

This action was instituted in the chancery court by appellees against appellants to enforce an attorney's lien. The material facts are as follows:

On the 4th day of April, 1899, John P. Moore conveyed to W. D. Reeves the timber of a certain class and description upon certain designated land. The deed was not acknowledged but it was filed for record by the grantee on the 3d day of July, 1901. On June 8, 1901, John P. Moore conveyed the remaining timber on said lands to W. D. Reeves by a timber deed. This deed was not acknowledged but it was filed for record by the grantee on the 9th day of July, 1901. The grantee was given five years to remove the timber in the first deed, and by the second deed the time for the removal of all the timber was extended to ten years. In July, 1907, John P. Moore conveyed by deed to his son Frierson Moore the lands upon which was situated the timber conveyed to Reeves by the two contracts or timber deeds mentioned above.

In September, 1907, W. D. Reeves instituted an action in the chancery court against John P. Moore and Frierson Moore to set aside the conveyance from John P. Moore to Frierson, alleging that the conveyance was a voluntary one and also that it was made to defeat his rights under the timber deed.

The prayer of his complaint was that the deed from John P. Moore to Frierson Moore be canceled; that John P. Moore be required to execute and acknowledge in his favor proper deeds to the timber sold to him and that said John P. Moore be restrained from disposing of the land until this was done.

The chancellor entered a decree in accordance with the prayer of the complaint and the defendants appealed to this court. The decree of the chancellor was affirmed. See Reeves v. Moore, 105 Ark. 598.

Judge N. W. Norton and W. W. Hughes, who were law partners, represented Reeves in that action. Subsequently Judge Norton died and C. W. Norton became

administrator of his estate. So the plaintiffs in the present action are C. W. Norton, administrator of the estate of N. W. Norton, deceased, and W. W. Hughes. Reeves died and John McDonald was appointed administrator of his estate.

Prior to his death Reeves had become insolvent and had conveyed the timber in question to certain persons in trust for his creditors. The administrator of his estate and these trustees are defendants in the present action.

The parties agreed that the services of plaintiffs as attorneys in the case of *Reeves* v. *Moore* was worth $3,500, and the only contest between them is as to the right of the plaintiffs to enforce their lien on the timber involved in the suit of *Reeves* v. *Moore.*

The chancellor found in favor of the plaintiffs and a decree was entered in accordance with his opinion. The defendants have appealed.

*Moore, Vineyard & Satterfield,* for appellants.

1. There was no recovery of property. The Reeves-Moore suit was one merely to set aside a fraudulent conveyance and there was no lien. 47 Ark. 86; 56 *Id.* 324, 329; 64 *Id.* 438, 443; 69 *Id.* 34; 76 *Id.* 43; 65 *Id.* 84; 68 *Id.* 80; 85 *Id.* 101.

2. If appellee had a lien it can not be enforced in this action. Act 293, Acts 1909; Kirby's Digest, §§ 4458, 4462, etc.; 103 Ark. 306. Plaintiffs could only have a lien upon the cause of action of Reeves against the Moores. This cause of action was not tangible nor of any monetary value but was merely to remove a cloud from and confirm title to timber. If there was a lien it could only be enforced by petition in the original cause of *Reeves* v. *Moore.*

*H. F. Roleson* and *Mann, Bussey & Mann,* for appellees.

1. There was a recovery by Reeves from Moore of the timber. There was a lien and the court had jurisdiction to enforce it. 47 Ark. 86; Acts 1909, 892; 179

S. W. (Ky.) 449; 87 N. Y. 521; 87 *Id.* 407; 77 U. S. 483; 4 Cyc. 1015; Pom. Eq. (3 ed.), § 279.    The decree should be affirmed.

HART, J., (after stating the facts).    Counsel for the plaintiff claimed a lien under Act 293 of the Acts of the General Assembly of 1909.    Section 1 of the act reads as follows:    "The compensation of an attorney or counsellor at law for his services is governed by agreement, express or implied, which is not restrained by law.    From the commencement of an action or special proceeding, or the service of an answer containing a counter-claim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counter-claim, which attaches to a verdict, report, decision, judgment or final order in his client's favor and the proceeds thereof in whosoever hands they may come; and the lien can not be affected by any settlement between the parties before or after judgment or final order."    Acts of 1909, p. 892.

It is insisted by counsel for the defendants that the act of 1909 just referred to, was passed for the purpose of protecting attorneys who recovered judgments in damage suits, and does not include decrees such as the one rendered in the chancery court in the case of *Reeves* v. *Moore,* referred to in the statement of facts.    We can not agree with the contention of counsel for the defendants. If the statute in question meant to limit the right of an attorney of record to enforce his lien only in an action for the recovery of damages, it would have read "cause of action for tort" or "cause of action for a personal tort" as the Legislature might intend to limit it.    The statute in general terms gives the attorney a lien upon his client's cause of action.

(1)    In 1 Cyc. p. 643, it is said that "cause of action" is different from suit, action and the like.    The author says that the cause of action is the right to be enforced or the injury to be redressed; and the action or remedy is the means which the law has provided whereby such enforcement or redress may be effected.    This includes an action on contract as well as an action for tort

and embraces a claim for property as well as a demand for the payment of money. The meaning of the section is that the attorney shall have a lien upon his client's cause of action from the commencement of the suit thereon, and if afterwards the same becomes merged in "a verdict, report, decision, judgment or final order in his client's favor," such lien shall attach thereto. In other words this lien is upon the cause of action until merged, and then attaches to the thing into which the cause of action is merged. See *Taylor* v. *St. Louis Transit Co.* (Supreme Court of Mo.), 97 S. W. 155.

In the case of *Smoot* v. *Shy*, 139 S. W. (Mo.) 239, the facts were, there was an order of sale in a suit for partition of real estate and the property was bid off by one Shy for a stipulated price. On the report of sale coming in, all parties to the action objected to the confirmation of the sale on various grounds and moved to set it aside. A firm of attorneys was employed by the parties to the partition suit who agreed to pay them a certain sum out of the proceeds of re-sale of the amount the land brought in excess of the original price. The attorneys procured the sale to be set aside and the land was sold at an increased price, Mr. Shy again being the purchaser. The re-sale was approved by the court and the proceeds ordered paid out to the parties according to their interests. Shy purchased the interests of certain of the parties to the partition suit with full knowledge of the terms and conditions of the employment of the attorneys. The St. Louis Court of Appeals held that the attorneys were entitled to a lien under a statute of precisely the same terms as the section of our statute above quoted.

(2-3) As we have already seen, the statute gives to the attorney a lien upon his client's cause of action and not merely a lien upon the suit and the proceeds which might result from the prosecution of it. It is true that under the timber deed executed by Moore to Reeves, although the deed was not acknowledged, Reeves had the right to go upon the land and cut down and remove the timber. It is also true that Reeves filed the deed in the

recorder's office for record, but an unacknowledged deed is not entitled to record in this State, and the recording of the deed in question was not constructive notice to any subsequent *bona fide* purchaser for value of the land on which the timber was situated, of the rights of Reeves under the timber deed. Reeves could not compel Moore to acknowledge the deed without bringing a suit which would have that effect.

In his suit against Moore, Reeves alleged that the conveyance from John P. Moore to his son Frierson Moore was a voluntary one and was made to defeat his rights under the timber deed. He also alleged that Frierson Moore had notice of the execution of the timber deed to him and he asked that John P. Moore be required to execute a proper deed to him for the timber; or that other appropriate relief be granted.

Frierson Moore in his answer averred that he was a *bona fide* purchaser for value and denied that he had any knowledge of the conveyance of the timber to Reeves at the time he purchased the land from his father. The deed from his father to him gave Frierson Moore the right to take possession of the land and after doing so, he denied the right of Reeves to enter the land and remove the timber.

(4) The chancellor found all the issues in favor of Reeves and granted him the relief prayed for in his complaint. So it will be seen that Frierson Moore by virtue of his alleged ownership of the land was holding possession of the timber. Hughes & Norton, by virtue of their legal services in that suit, in effect regained the timber for Reeves, and we think their right to a lien on the land is within the spirit, if not the letter of the statute.

The decree will therefore be affirmed.

McCulloch, C. J. (Dissenting). The Act of 1900 does not enlarge the rights of an attorney so far as concerns the subject-matter of the cause of action or the recovery thereon, but merely protects him by giving

him a lien on the cause of action of his client as well as on the recovery in which the cause of action is merged. The statute does not even give the attorney the right to control the cause of action, but merely fixes a lien on the fruits of the litigation. *St. Louis, I. M. & S. Ry. Co.* v. *Blaylock,* 117 Ark. 504; *St. Louis, I. M. & S. Ry. Co.* v. *Kirtley,* 120 Ark. 389, 179 S. W. 648.

In the case last cited, this court said that the lien "attaches to any proceeds realized out of such claim or cause of action resulting from the litigation, either through a settlement, compromise, or judgment, and of which he (the attorney) can not be deprived by the parties to the action by any settlement they may make."

The statute under consideration shows very clearly on its face that it was only intended to fix a lien on the fruits of the litigation, that is to say on the subject-matter of the litigation which is recovered or which may be recovered in the action, and that it was not intended to give a lien merely for the preservation or protection of the client's interest in the property involved. An attorney who merely defends a right of his client has no lien on the subject-matter of the litigation because it constitutes no cause of action and nothing is recovered. In this respect the statute is the same as the pre-existing statutes on the subject, and they have been construed by this court to confer no rights unless some kind of property is recovered.

In *Hershy* v. *Du Val,* 47 Ark. 86, the court held that an attorney had no lien on his client's land for services rendered in an action to remove a cloud from the title. In construing the statute, Mr. Justice Smith, speaking for the court, said: "The lien on the specific property recovered,   *   *   *   is limited to cases where there has

been an actual recovery, and can not be extended to professional services which merely protect an existing title or right to property. * * * It (the statute) does not give the attorney a lien on the estate he has rescued from an unjust claim, and saved for his client, but only on the property he has actually recovered.

Reeves did not sue to recover the timber, but sued only to remove a cloud from his title and to protect the interest which he already possessed. It was merely a suit to remove the cloud cast on his title by the deed executed by Moore, his grantor, to the latter's son, and was not in any sense a suit to recover the timber, for that had passed to Reeves under the conveyance to him by Moore, and all the relief that he needed was to remove the cloud from the title. There is nothing in the record to show that Frierson Moore was in possession of the timber, but he was merely asserting a claim to it under his father's deed, which constituted a cloud upon Reeves' title.

Mr. Justice KIRBY concurs.