JACKSON *v.* HUDSPETH.

4-7504                                               184 S. W. 2d 906

Opinion delivered January 22, 1945.

*John L. Hughes* and *J. H. Carmichael,* for appellant.

*Ernest Briner,* for appellee.

McFADDIN, J.   The question here is the effect to be given a curative act.

Appellee instituted suit to quiet title to certain unimproved lands definitely described in a deed to him from Thomas Mathews, and duly executed, acknowledged, and recorded in 1940.   Appellee's complaint admitted that appellants claimed some interest in the lands because of two deeds from Thomas Mathews (each conveying an undivided one-fifth interest) executed and recorded in 1931; but alleged that these deeds to appellants were defectively acknowledged, and were not entitled to record, and therefore constituted no notice; and alleged that appellee was an innocent purchaser of the lands from Mathews for a valuable consideration.

Appellants denied appellee's title, and claimed to be the owners of their interests by virtue of the deeds executed by Mathews in 1931.   The deeds under which appellants claim were on forms customarily used for land conveyancing in Louisiana, whereby the entire instrument served the dual purpose of a conveyance and an acknowledgment.   There appears to be no statutory form of deed in Louisiana, but the forms here used were substantially the same as the suggested form contained in Martindale-Hubbell's Law Directory for 1944, Vol. 2, containing the Louisiana Law Digest.   One of the appellants' instruments is copied along with this opinion; (A) the other instrument is substantially similar.

The chancery court held that appellants' deeds were improperly acknowledged, and that the recording thereof constituted no notice; and entered a decree quieting appellee's title.   This appeal followed.   It is tacitly ad-

mitted (1) that appellee's title could not be quieted against appellants, if appellants' deeds constituted constructive notice; and (2) that appellee was a purchaser for a valuable consideration and without any actual notice of appellants' deeds.

On the issue of constructive notice, the gist of the appellee's argument is: (1) that the certificate of acknowledgment of the appellants' deeds failed to contain certain words—such as "consideration and purposes"—required by our statute (§ 1830, Pope's Digest); (2) that the acknowledgments on appellants' deeds were ineffectual under the holding of this court in *Drew County Bank & Trust Company* v. *Sorben*, 181 Ark. 943, 28 S. W. 2d 730; *Johnson* v. *Godden*, 33 Ark. 600; *Wright* v. *Graham*, 42 Ark. 140; *McDonald* v. *Norton*, 123 Ark. 473, 185 S. W. 791; (3) that even under the rule stated in the case of *First National Bank* v. *Meriwether Sand & Gravel Co.*, 188 Ark. 642, 67 S. W. 2d 599, the acknowledgments on appellants' deeds are ineffectual, because the words "consideration and purposes," or words of similar import, cannot be found in the instruments; and (4) that under § 1847 of Pope's Digest an instrument, even though actually of record, constitutes no constructive notice, unless the instrument is duly acknowledged.

Appellants answer appellee's contentions by claiming that by Act No. 72 of 1935, and also by Act No. 352 of 1937, the Legislature of Arkansas cured all defects in the acknowledgments in the instruments here involved. The issue is on the effect of these curative acts.

At the outset we point out that Act No. 169 of 1943 (the Uniform Acknowledgment Act) has no application here, because § 12 of that act excludes from its operation any acknowledgment taken prior to the effective date of the act. Likewise Act No. 44 of 1937 (§ 1831, Pope's Digest) does not apply, because it is prospective only, and the instruments here involved were executed and recorded in 1931. The sole question is whether either one of the curative acts (1935 or 1937) overcame the defects in the acknowledgments of the instruments under which appellants claim.

58

The word "acknowledgment" is sometimes used to refer to both the act of the grantor and the certificate of the officer attesting the act (1 Am. Juris. 317; 1 C. J. 745; 1 C. J. S. 777); but the word really means "a formal declaration or admission, before an authorized public officer, by a person who has executed an instrument, that such instrument is his act or deed" (1 C. J. S. 777, 1 Am. Juris. 316). The attestation of the fact by the official is really the "certificate." In the case at bar there was an actual acknowledgment by the grantor before a notary public, and a statement signed by the grantor, attested by the notary public and two witnesses, that the instrument was executed as a solemn act and declaration. It was a good and valid acknowledgment under the law of Louisiana; so, certainly, there was a factual, or *de facto,* act of acknowledgment. But the notary public failed to use the words required by our statute to constitute a sufficient, or *de jure,* acknowledgment under the law of Arkansas, and at the time of the recordation (1931) the acknowledgment was ineffectual. Such is the effect of our holdings in the cases cited, *supra,* in stating the contentions of the appellee.

By Act No. 72 of 1935, (and again by Act No. 352 of 1937), the Legislature intended to cure any defect (caused by failure to comply with any statute) in the certificate of acknowledgment, because the 1935 act provided:

"That all deeds, conveyances, . . . and other instruments in writing affecting or purporting to affect the title to any real estate . . . situated in this state, which have been recorded . . . and which are defective or ineffectual . . . (B) because the officer who certified the acknowledgment or acknowledgments to such instruments omitted any word or words required by law in such certificate or acknowledgment. . . . shall be as binding and effectual as though the certificate of acknowledgment or proof thereof were in proper form. . . ."

The curative act (the germane portions of which are copied above) is too clear to allow of attempted elucida-

tion. It applies to the appellants' instruments. When the appellee received his deed in 1940, the Acts of 1935 and 1937 had cured the defect in the certificate of acknowledgment of appellants' instruments, and these instruments, being of record since 1931 and cured of defect since 1935, were notice to appellee under § 1846 of Pope's Digest.

A curative act attempting to cure defective acknowledgments cannot of course be held to supply an acknowledgment when in fact there was none. *Davis* v. *Hale,* 114 Ark. 426, 170 S. W. 99; Ann. Cas. 1916D, 701. But the Legislature has power to cure a defect in an acknowledgment where the defect or omission is something the necessity for which the Legislature might have dispensed with by prior statute. *Sidway* v. *Lawson,* 58 Ark. 117, 23 S. W. 648; *Cupp* v. *Welch,* 50 Ark. 294, 7 S. W. 139; and Annotation in 57 A. L. R. 1197. Such is the situation in the case at bar.

It, therefore, follows that the chancery court was in error in quieting appellee's title against the interests of appellants, and the decree of the chancery court is reversed and the cause is remanded with directions to set aside the decree and to proceed in a manner not inconsistent with this opinion.

\* \* \* \*

(A) Copy of deed mentioned in opinion:

"State of Louisiana
"Parish of Rapides

"BE IT KNOWN, That on this 21st day of May in the year of our Lord, one thousand, nine hundred and thirty-one, before me, R. A. Parrot, Notary Public in and for the Parish of Rapides, State of Louisiana, aforesaid, duly commissioned and qualified, and in the presence of the witnesses hereinafter named and undersigned, personally came and appeared, Thomas M. Mathews, a married man whose wife before marriage was Annie Guss, and who is living with him, resident of the Parish of Ovoyelles, State

of Louisiana, who declared that for the considerations hereinafter mentioned he does by these presents, grant, bargain, sell, convey, transfer, assign, set over and deliver, with a full guarantee against all troubles, debts, mortgages, claims, evictions, donations, alienations, or other encumbrances whatsoever, unto Robert H. Jackson, a widower, whose wife, Medora Mathews, is deceased, resident of the Parish of Rapides, State aforesaid, here present accepting and purchasing for himself, his heirs and assigns, and acknowledging delivery and possession of the following described property, to-wit:

"An undivided (1/5) one-fifth interest in and to the following described property situated in the County of Saline, State of Arkansas, to-wit:

"Northwest ¼, Section 1, Township 1 South, Range 16, containing 182 acres. South ½, Northeast ¼, Section 5, Township 1 S., Range 16, containing 80 acres; Northwest ¼ of Northeast ¼, Section 5, Township 1 S., Range 16, containing 54.68 acres; West ½, Section 5, Township 1 S., Range 16, containing 358.08 acres; Southeast ¼ of Northwest ¼, Section 24, Township 1 N., Range 16, containing 80 acres; Southeast ¼, Section 23, Township 1 N., Range 16, containing 160 acres; West ¼ of Southwest ¼, Section 24, Township 1 N., containing 80 acres; West ½ of Southwest ¼, Section 28, Township 1 N., Range 16, containing 80 acres.

"This sale is made for and in consideration of the sum of ($1,500) fifteen hundred and no/100 dollars, cash in hand to the vendor well and truly paid, the receipt whereof is hereby acknowledged and acquittance in full therefor granted.

"To have and to hold the said property unto said purchaser, his heirs and assigns to their proper use and behoof forever. And the said vendor, the said property to the said purchaser, his heirs and assigns shall and will warrant and forever defend against the lawful claims of all persons whomsoever, by these presents. And the said vendor does moreover subrogate the said purchaser to all the rights and actions of warranty which he has or may

have against his own vendor or against the vendors of his vendor, fully authorizing the said purchaser to exercise the said rights and actions in the same manner as he might or could have done.

"The certificate of mortgage, required by Article 3364 of the Civil Code of Louisiana, and all others on the subject of lien and mortgage are dispensed with by the contracting parties, who agree to free the undersigned Notary Public from all liability for the non-production of the same. The certificate of the tax collector showing payment of taxes is hereto annexed, and it is agreed by the parties hereto that the taxes for the year 1930 are to be paid by purchaser herein.

"This done and passed at Cheneyville, Louisiana, the day, month and year aforesaid, on presence of competent witnesses, who hereunto sign their names as such with parties and me, the said Notary Public, after the reading thereof.

"Witnesses:

"L. A. Blum
"J. L. Stanley                "Thomas M. Mathews
                              "Robert H. Jackson
                              "R. A. Parrott

                                        "Notary Public"