Justice HART concurs.

---

## ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY v. KIRTLEY & GULLEY.

### Opinion delivered October 18, 1915.

1. STATUTES—BORROWED STATUTES—CONSTRUCTION.—The construction of a borrowed statute is adopted with it, unless contrary to the settled policy of the state adopting the statute.

2. ATTORNEY'S FEES—RIGHT OF ATTORNEY—COLLECTION.—The statute giving an attorney a lien upon the proceeds of a judgment on settlement, for his fees, does not give the attorney an interest in the cause of action itself, or any control over it.

3. ATTORNEY'S FEES—COLLECTION OF—AMOUNT—COMPROMISE BY CLIENT. —An attorney, after the compromise or settlement in good faith by his client, of a claim upon which suit has been brought, is bound by the terms of his contract for the amount of his fee, and is entitled only to that per cent. of the amount realized from the settlement or judgment as fixed by his contract.

4. ATTORNEY'S FEES—SETTLEMENT BY CLIENT—AMOUNT.—An attorney agreed to bring a suit for the collection of a claim against defendant for 50 per cent. of whatever might be realized therefrom, by settlement or otherwise, and when the client settled without the attorney's consent (or over his objection), the defendant effecting such a settlement is only bound to plaintiff's attorney for the discharge of his claim, namely, 50 per cent. of the amount paid in settlement.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; modified and affirmed.

*E. B. Kinsworthy* and *W. G. Riddick,* for appellant.

1. Appellees are not entitled to recover under the Act of April 4, 1899, Kirby's Dig., § 4457.

Where the attorney for a plaintiff who has settled with the defendant seeks to recover of such defendant a reasonable fee, alleging that he had a contract for a contingent fee, he should allege that the contract was made, filed and noted on the docket as required by the statute. It is essential that the notice provided for by the statute or actual notice to the defendant of the attorney's contingent interest in the suit settled be pleaded and proved. 71 Ark. 327; 74 Ark. 551; 98 Ark. 529.

2. Act 293, Acts 1909, is an exact copy of a section of the Civil Code of the State of New York. Construing the same, the court of that State held that the "existence of the lien does not permit the plaintiff's attorney to stand in the way of a settlement * * *. A cause of action is not the property of the attorney, but of the client. The attorney owns no part of it, for a lien does not give a right to property, but a charge upon it * * *. The lien is subject to the right of the client to settle in good faith, without regard to the wish of the attorney." 66 N. E. (N. Y.) 395.

It is a well established rule that a client has the right to settle his litigation at any time that he sees fit, before or after judgment, without either the knowledge or consent of his attorney. 66 Ark. 190; *Id.* 260; 86 N. Y. S. 256; 91 *Id.* 1034; 97 *Id.* 447; 30 N. E. 53; 141 N. Y. S. 805; 124 S. W. (Mo.) 1057; 138 S. W. (Mo.) 904.

*Hal L. Norwood,* for appellees.

Section 4457 of Kirby's Digest was not repealed by the Act of May 31, 1909. The two acts should be read together. This court has held, 71 Ark. 327 and 74 Ark. 552, that before an attorney could enforce his claim for his fee, he would have to show that the assignment provided for by section 4457 had been filed with the papers in the suit and noted of record, or that the defendant had actual notice of the assignment. The pur-

pose of the Act of 1909 was to make the filing of the complaint notice to the defendant of plaintiff's attorney's interest, which could not be affected by any settlement between the parties. 98 Ark. 530; 169 S. W. 792; 100 Ark. 248.

KIRBY, J. This appeal involves the construction of our statutes, relating to attorney's fees, of April 4, 1899, section 4457, Kirby's Digest, and of Act 293 of the Acts of General Assembly of 1909, it being insisted by appellee that the Act of 1899 is repealed by the later one. Said section 4457 provides for the sale of a judgment, or any part thereof, of a court of record, or the sale of any cause of action or interest therein after suit has been filed thereon, which shall be evidenced by a written transfer, which when acknowledged and filed and noted as provided, shall be full notice and valid and binding upon all persons subsequently dealing with reference to said cause of action or judgment.

And also, "In case the plaintiff and defendant compromise any suit for liquidated or unliquidated damages or any other cause of action after same is filed, where the fees or any part thereof to be paid to the attorney for plaintiff or defendant are contingent, the attorney for the party plaintiff or defendant, receiving a consideration for said compromise, shall have a right of action against both plaintiff and defendant for a reasonable fee, to be fixed by the court or jury trying the case."

Said act of May 31, 1909, provides: "The compensation of an attorney or counsellor at law for his services is governed by agreement, express or implied, which is not restrained by law. From the commencement of an action or special proceeding, or the service of an answer containing a counter-claim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counter-claim, which attaches to a verdict, report, decision, judgment or final order in his client's favor and the proceeds thereof in whosesoever hands they may come; and the lien cannot be affected

by any settlement between the parties before or after judgment or final order.''

No question has heretofore been raised of the repeal of the first statute which has been construed and applied in *Fordyce* v. *McPhetridge,* 71 Ark. 327; *K. C. Ft. Scott & Memphis Ry. Co.* v. *Joslin,* 74 Ark. 552; *Rachels* v. *Doniphan Lumber Co.,* 98 Ark. 529; *Adamson* v. *Kay,* 100 Ark. 248 and *Hall* v. *Huff,* 114 Ark. 206, 169 S. W. 792.

(1) The latter statute is a borrowed one, coming from New York, after it had been construed by the courts of that state, and the rule is that the construction of a borrowed statute is adopted with it unless contrary to the settled policy of the state adopting the statute. *McNutt* v. *McNutt,* 78 Ark. 346; *Nebraska Natl. Bank* v. *Walsh,* 68 Ark. 433.

In *Fischer-Hansen* v. *Brooklyn Heights Ry.,* 173 N. Y. 492, 66 N. E. 395, the court held that the statute gave an attorney a lien upon his client's claim and cause of action upon the commencement of the action, which extended to the proceeds realized, whether upon settlement or judgment, but that it gave the attorney no right to control the litigation and prevent a settlement thereof. It was there said:

''A cause of action is not the property of the attorney, but of the client. The attorney owns no part of it, for a lien does not give a right to property, but a charge upon it. As it is merely incidental, and for the purpose of security only, it would not be reasonable to hold that the Legislature intended that it should be the means of blocking an honest and genuine adjustment of controversies. We think the lien is subject to the right of the client to settle in good faith, without regard to the wish of the attorney; * * * The right of the parties to thus settle is absolute, and the settlement determines the cause of action and liquidates the claim. This necessarily involves the reciprocal right of the attorney to follow the proceeds of the settlement, and, if they have been paid over to the client, to insist that

his share be ascertained and paid to him, for the defendant is estopped from saying that with notice of the lien he parted with the entire fund.''

(2) In *St. Louis, I. M. & S. R. Co.* v. *Blaylock,* 117 Ark. 504, 175 S. W. 1170, this court, held likewise that the lien given by the statute did not give the attorney an interest in the cause of action itself, or control over it, saying: ''The parties to the litigation must necessarily control the proceedings affecting their respective interests until the lawsuit is ended. The attorney, under the statutes, has a lien for his fee which cannot be defeated by any settlement of the parties litigant before or after judgment or final order. The attorney has no right to compel his client to continue litigation. A client may dismiss his cause of action or may settle with the opposite party without consulting his attorney, but where there are any proceeds resulting from the litigation, either through settlement or compromise, or as the final result of the prosecution of the lawsuit to the end, the attorney has a lien on such proceeds of which he cannot be deprived by the parties to the lawsuit by any settlement they may make.''

This statute provides that the compensation of an attorney for his services in governed by agreement, express or implied, which is not restrained by law, and gives him a lien from the commencement of an action or special proceeding or the filing of an answer and counter-claim upon the cause of action, which attaches to any proceeds realized out of such claim or cause of action, resulting from the litigation either through a settlement, compromise or judgment and of which he cannot be deprived by the parties to the action by any settlement they may make.

Under the former statute, the attorney was remitted to his claim for a reasonable fee against both parties to the litigation, in case of a settlement thereof, without his consent, the amount of the fee to be determined upon proof of the services performed. *Rachels* v. *Doniphan Lumber Co.,* supra.

The latter statute is in conflict with the other and provides a remedy for the protection of an attorney, in the collection of his fee or compensation for services, from the beginning of the suit, in accordance with his contract therefor, according to the construction placed upon the statute in the state from which it came. *Witmark* v. *Perley*, 86 N. Y. S. 756; *Oishei* v. *Metropolitan St. R. Co.*, 97 N. Y. S. 447; *Goldstein* v. *Nassau Electric Ry. Co.*, 141 N. Y. S. 805.

(3-4)   The attorney, after the compromise or settlement in good faith by his client of a claim upon which suit has been brought is bound by the terms of his contract for the amount of his fee and only entitled to that per cent. of the amount realized from the settlement or judgment fixed by his contract. *Fischer-Hansen* v. *Brooklyn Heights Ry. Co.*, *supra; Stephens* v. *Metropolitan Street Ry. Co.*, 138 S. W. (Mo.) 904. In this case, the attorneys agreed to perform the services in bringing the suit in the collection of the claim for 50 per cent. of whatever might be realized therefrom, by settlement or otherwise, and their client having settled the claim, as he had the right to do, without their consent, or over their objection for that matter, the railroad company effecting such settlement was only bound to them for the discharge of their claim, in the sum of 50 per cent. of whatever amount they paid in settlement of the claim

It is undisputed that the claim was settled for $25 and therefore the attorneys were only entitled to judgment against the railroad company for 50 per cent. of that sum or $12.50.

The judgment is reduced to that amount and as modified will be affirmed. It is so ordered.