McDonald, Admr. *v.* Norton, Admr.*

DISSENTING OPINION.

McCulloch, C. J.   The Act of 1909 does not enlarge the rights of an attorney so far as concerns the subject-matter of the cause of action or the recovery thereon, but merely protects him by giving him a lien on the cause of action of his client as well as on the recovery in which the cause of action is merged.  The statute does not even give the attorney the right to control the cause of action, but merely fixes a lien on the fruits of the litigation. *St. Louis, I. M. & S. Ry. Co.* v. *Blaylock,* 117 Ark. 504; *St. Louis, I. M. & S. Ry. Co.* v. *Kirtley,* 120 Ark. 389, 179 S. W. 648.

In the case last cited, this court said that the lien "attaches to any proceeds realized out of such claim or cause of action resulting from the litigation, either through a settlement, compromise, or judgment, and of which he (the attorney) can not be deprived by the parties to the action by any settlement they may make."

The statute under consideration shows very clearly on its face that it was only intended to fix a lien on the fruits of the litigation, that is to say on the subject-matter of the litigation which is recovered or which may be recovered in the action, and that it was not intended to

---

*The opinion of the court is reported on page 473 of this volume.

give a lien merely for the preservation or protection of the client's interest in the property involved. An attorney who merely defends a right of his client has no lien on the subject-matter of the litigation because it constitutes no cause of action and nothing is recovered. In this respect the statute is the same as the pre-existing statutes on the subject, and they have been construed by this court to confer no rights unless some kind of property is recovered.

In *Hershy* v. *Du Val,* 47 Ark. 86, the court held that an attorney had no lien on his client's land for services rendered in an action to remove a cloud from the title. In construing the statute, Mr. Justice Smith, speaking for the court, said: ''The lien on the specific property recovered, * * * is limited to cases where there has been an actual recovery, and can not be extended to professional services which merely protect an existing title or right to property. * * * It (the statute) does not give the attorney a lien on the estate he has rescued from an unjust claim, and saved for his client, but only on the property he has actually recovered.

Reeves did not sue to recover the timber, but sued only to remove a cloud from his title and to protect the interest which he already possessed. It was merely a suit to remove the cloud cast on his title by the deed executed by Moore, his grantor, to the latter's son, and was not in any sense a suit to recover the timber, for that had passed to Reeves under the conveyance to him by Moore, and all the relief that he needed was to remove the cloud from the title. There is nothing in the record to show that Frierson Moore was in possession of the timber, but he was merely asserting a claim to it under his father's deed, which constituted a cloud upon Reeves' title.

Mr. Justice KIRBY concurs.