Bogle & Sharp v. Walker.

Opinion delivered March 11, 1918.

1. ATTORNEY AND CLIENT—LIEN FOR FEES—SETTLEMENT BY CLIENT.— A client may settle his cause of action with his adversary, at any time he pleases, provided he acts in good faith, and the lien of his attorney attaches only to the proceeds of such settlement.

2. ATTORNEY AND CLIENT—FEES.—A client agreed to pay his attorneys one-half the amount recovered by them for him in certain litigation and one-half the amount saved for him in another phase of the litigation. *Held*, the client was liable therefor under his contract, and the amounts of the attorneys' recovery fixed by the court.

Appeal from St. Francis Chancery Court; *Edward D. Robertson*, Chancellor; reversed.

*G. Otis Bogle* and *Manning, Emerson & Donham*, for appellants.

1. The law of this case is settled by Act No. 293, Acts 1909; 128 Ark. 462.

2. Under the contract in this case appellants are entitled to $2,657.75, one-half of the amount recovered or saved to Walker on account and the land conveyed. Walker's net gain was $5,315.51.

*J. W. Morrow* and *Mann, Bussey & Mann*, for appellees.

1. The law of this case is settled. 128 Ark. 462; 120 Ark. 389; 26 S. E. 309; 68 S. W. 751; 117 Ark. 504.

2. Nothing was *recovered* by Walker. The decree is right and is sustained by the evidence. It should be affirmed.

SMITH, J. Appellee Walker employed Bogle & Sharp, a firm of attorneys, to represent him in a controversy between himself and P. P. Williams, and agreed to pay them, by way of compensation for such services, one-half of any amount recovered against Williams or saved to himself in litigation contemplated at the time of the employment. Prior to this employment Williams had given Walker an option to buy a tract of 400 acres at the price of $15.97 per acre. This contract was entered into on November 20, 1915, and under its terms Walker was required to pay certain portions of the mortgage indebtedness outstanding against the land, together with the taxes, none of which payments had been made. The contract provided that if Walker failed to make any of the payments when due, the option to purchase should immediately become null and void at the pleasure of Williams.

A contract for the planting of a portion of the lands in rice in 1916 was made between Walker and Williams, under the terms of which Williams was to furnish the necessary water. It was insisted by Walker that Williams had failed to furnish this water, as a result of which failure a damage of $7,000 was sustained. It was also insisted that Williams had in other respects failed to comply with his contract with Walker for the cultivation of the land, as a result of which failure damages in a total sum of $8,820 were sustained. To enable Walker to make a crop, and for other purposes, Williams had made advances to Walker aggregating $2,065.51, and this sum was secured by a mortgage on certain personal property and live stock.

Bogle & Sharp employed the law firm of Manning & Emerson to assist them in the litigation which they had been employed to conduct, and these firms together filed a complaint on November 25, 1916, against Williams, in

which judgment was prayed for $8,820.00. On December
13, 1916, Williams commenced a suit against Walker, in
which he prayed judgment for an alleged net balance
due him of $2,565.51, and there was also a prayer that
a receiver be appointed and directed to take charge of
Walker's stock and crop, upon which it was alleged that
Williams had a lien. An answer and cross-complaint was
filed to this suit, in which Walker prayed judgment
for $11,320.00 damages against Williams. Walker and
Williams met in Memphis in February, 1917, when they
entered into a writing wherein it was stipulated that,
"for the purpose of settling all controversies between
the parties hereto, which controversies are reflected by
the several suits now pending in the chancery court of
St. Francis County, Arkansas; also for the purpose of
settling an option contract executed by P. P. Williams
to Alfred Walker for the purchase of certain lands,
we hereby agree and stipulate as follows:"—that Wil-
liams should execute to Walker a warranty deed for 160
acres of land, and that, upon the execution of the deed,
Walker should pay Williams $1,250.00. But, by some
subsequent arrangement, a mortgage on the land conveyed
for $1,250.00 by Williams was assumed by Walker in
lieu of the cash payment of that amount. It was also
stipulated that Williams should give Walker "a clear
receipt for all indebtedness" and should cancel any
security held therefor. On the part of Walker it was
agreed that he would surrender possession of the lands
described in his option and would release and satisfy
any claim for damages for the alleged breaches of con-
tract set out in his answer and cross-complaint.

The attorneys herein named filed a petition in the
above styled causes, in which they prayed judgment for
one-half of the value of the land recovered by Walker
under his contract of settlement, together with one-
half of the sum saved by him in the satisfaction of his
own indebtedness to Williams. Williams testified that
he did not take into account in his settlement with Walker
any claim for damages on account of the alleged breach

of contract on his part. He also testified that, while he had never declared the option contract forfeited, he did not regard Walker as having any rights thereunder; still he wanted the option canceled, and its cancellation was taken into account in the settlement which they made. The court below found that the settlement between the parties had been effected in good faith and that it resulted in the extinguishment of mutual demands, as a result of which Walker had recovered from Williams only $30.00, and a judgment was rendered in favor of the attorneys for one-half of this amount, and the attorneys have prosecuted this appeal.

Counsel for appellees summarize the settlement as follows: Walker got from Williams the extinguishment of his debt to Williams amounting to $2,065.51, and he also received a tract of land worth $2,555.20, making a total of $4,620.71. On the other hand, Walker assumed $1,250 of the mortgage indebtedness due by Williams outstanding against the land and surrendered an option to buy 240 acres of land at $15.97 per acre, which, according to the testimony, was worth $30 per acre, making a total surrendered value of $3,367.20, which, with the $1,250 debt assumed, make a grand total of $4,617.20 which Walker paid and surrendered to Williams in order to get the $4,620.71 that Williams delivered to him, so that there was a net balance between the parties of only $3.51.

The parties to this litigation cite and reply upon the same decisions of this court construing the attorney's lien law of this State, and no difference of opinion exists between counsel as to the law of the case.

In the case of *St. L., I. M. & S. Ry. Co.* v. *Blaylock,* 117 Ark. 504, we said that the client had the right to control his litigation, and that he could make any settlement of it which he pleased, provided the settlement was made in good faith and not for the purpose of defeating the attorney in the collection of his fee, and that, when this settlement had been made in good faith, the lien of the attorney attached only to the proceeds of such settlement. In-

voking the doctrine of that case, counsel for appellees say there are no proceeds except the sum of $3.51, as stated above.

We can not agree, however, with counsel in his contention that there are no proceeds. It is true Williams testified that he did not allow anything in the settlement on account of the suit for damages against him, and that the cancellation of the option to buy the land and the surrender of the possession of the land constituted the consideration for the deed to the land and the satisfaction of the mortgage which he held on Walker's crop and stock. But we think the settlement should not be given this construction. Walker did not testify and we can not know how he regarded the demands which were extinguished by the settlement. But we do know that Williams did not regard the option as an enforceable contract, for concerning it he made this statement: "I never considered that option being worth much, as he did not own it, but felt like making a settlement and getting rid of the matter." And we do know that, while Williams had never declared the option at an end, the contract gave him the right to do so at his pleasure, a default having been made in the payments which gave him that right.

Now, we do not question the right of the parties to make the settlement which they did make; but we can not agree with counsel that there are no proceeds resulting from the settlement to which the lien of the attorneys can attach. We reach this conclusion because we think Williams did not have the right, under the facts of this case, to set off the value of the lands recovered by Walker and the amount of the mortgage indebtedness against the possible value of this option and the $1,250 debt assumed. The option had no such value, for it was, at most, a moral obligation. Yet it is given the highest value it could have had had Walker so far complied with its provisions that he would have been entitled to compel its execution. Nor, on the other hand, can we say that the claim of Walker for damages should be eliminated from any consideration of the question of

the mutual demands which were settled. Counsel of eminent ability had brought the pending suit for damages for a fee which was contingent upon the recovery, and we are constrained to find that this suit must be taken into account in deciding what demands were included when the litigation between the parties was settled. In this connection, attention may be called to the fact that there was no litigation over the option, and Walker evidently did not place any very high estimate upon his rights thereunder, as he had told his attorneys nothing about it, notwithstanding the prayer of the pending suit that a receiver be appointed to take charge of his crop grown on this land together with his personal property.

When the contract of settlement was signed, the situation of the parties was as follows: Walker had extinguished his debt amounting to $2,065.51, and the mortgage against his personal property was satisfied, and he had title to a quarter section of land worth $3,367.20 subject, however, to a mortgage of $1,250.00. In consideration therefor he had settled his suit for damages and had canceled the option.

The right of the attorneys to recover anything in this case against either Williams or Walker rests upon different grounds. There was no contractual relation between the attorneys and Williams, and any recovery against Williams must be based upon the statute. Upon the other hand, the right of recovery on the part of the attorneys against Walker does not depend upon the statute, but upon the contract made between them at the time of the employment of these attorneys. Under the terms of this contract the attorneys were to have, as a fee, one-half of any amount recovered against Williams, and one-half of any sum saved to Walker in the settlement of his account with Williams. The lien given to the attorneys under the statute here relied upon attaches only to the *proceeds* of the litigation and, so far as Williams is concerned, the proceeds of the settlement was the quarter section of land. The value of this land under the proof in the case is $2,555.20, but this recovery was

subject to the mortgage for $1,250, which leaves a net recovery of $1,305.20 as representing the proceeds of the litigation. The attorneys have, therefore, a lien against this land for one-half of this recovery, which amounts to $652.60, and for that sum only. As against Walker, however, the attorneys are entitled to an additional judgment for one-half of Walker's account to Williams the payment of which has been saved. This sum is $1,032.75, and a judgment for that additional amount is given against Walker.

Appellants insist that they are entitled to a judgment for a much larger amount, and base this contention upon the testimony which shows that the 160 acres of land was worth, not $15.97 per acre, but $30 per acre at the time of the execution of the deed to Walker. There is testimony showing this to be the value of the land at that time; but it does not follow from that fact that the market value should be taken as the basis for the calculation. We think the contract value of the land, that is, the value which the parties themselves placed upon the land in the option, must be taken as the basis of the settlement, and we, therefore, take that value, rather than the market value, for that purpose.

The decree of the court below will be reversed and the cause remanded with directions to enter a decree in accordance with this opinion.

McCULLOCH, C. J., (dissenting). It is settled by decisions of this court construing the attorney's lien statute that a litigant has the absolute control over his litigation and that the test of the right of the attorney to assert a lien for an amount based upon more than what is actually realized in a settlement of the claim is the good faith of the parties in making the settlement. *St. L., I. M. & S. Ry. Co.* v. *Blaylock,* 117 Ark. 504; *St. L., I. M. & S. Ry. Co.* v. *Kirtley & Gulley,* 120 Ark. 389; *McDonald, Admr.,* v. *Norton,* 123 Ark. 473.

Applying the settled test to the facts in this case I do not think that the attorneys are entitled to recover anything, for the simple reason that nothing was received

by their client in the settlement of the cause of action, and the litigation was abandoned without any fruits being obtained. This is so upon the undisputed testimony which was accredited by the chancellor. Williams testified that nothing was allowed in the settlement on the right of action asserted against him by Walker, but that the total amount allowed was upon the option of purchase, which had nothing to do with the litigation between the parties. The testimony of Williams was not contradicted. It is true that its force was somewhat weakened by Williams' admission that he did not consider the option as a valid one; but where such testimony has been accredited by the chancellor, and is not contradicted, I do not think that this court ought to disregard it. Even though the option had expired Walker was still in possession of the land and a forfeiture had not been declared by Williams. Walker had made valuable improvements on the premises, any might be considered as having a moral, if not a legal, claim against Williams. There was at least an assertion of a claim, which was sufficient to form the basis of a settlement or compromise. But whether the allowance by Williams of an amount in settlement of the option was based upon the assertion of a legal or moral right, if the settlement was, in fact, based upon that claim, and not upon a settlement of the cause of action asserted by Walker in the suit conducted by the attorneys, and if the settlement was made in good faith, the attorneys are not entitled to a lien, for the reason that the litigation which they conducted bore no fruits. There is nothing in the record to show that the settlement between Walker and Williams was not made in good faith or made to defeat the attorneys in the collection of their fees.

My conclusion is, therefore, that the decree of the chancellor ought not to be disturbed.