## CARGILL v. MATTHEWS.

Opinion delivered December 16, 1918.

1.  JUDGMENT—MATTERS CONCLUDED.—A suit by a former sheriff against a former treasurer to recover a payment made to defendant by plaintiff is concluded by a previous judgment between the same parties in which the court found against the sheriff on the issue of the payment.

2. APPEAL AND ERROR—RIGHT TO APPEAL—TRANSACTION SUBSEQUENT
TO SUIT.—Where a sheriff, after a rendition of a judgment charg-
ing him with the amount of county warrants not turned over to
the county treasurer, sued the treasurer to recover the amount
paid on the judgment and had judgment in the trial court, the
fact that the treasurer, who had out of his own funds turned
over the amount of warrants not accounted for by the sheriff to
the county, was reimbursed by warrants received in payment of
judgment did not estop him to appeal.

Appeal from Clay Circuit Court, Western District;
*W. J. Driver,* Judge; reversed and dismissed.

*L. Hunter, D. Hopson, Block & Kirsch,* and *W. E.
Spence,* for appellants.

1. The same issues involved here were tried in the
case in 125 Ark. 136. The subject matter is the same and
the parties are identical. The whole matter is *res ad-
judicata.* 97 Ark. 450; 96 *Id.* 540; 94 U. S. 351.

2. Under § 1159 Kirby's Digest, the county treas-
urer is the proper party to receive all moneys paid into
the county treasury, and the proper party to institute ac-
tion to recover the funds. 97 Ark. 374; 39 *Id.* 172; 43
*Id.* 41; Kirby's Digest § § 5999, 6002. See also 8 A. & E.
Am. Cases 1130; 29 S. E. 719. The former judgment is
conclusive.

3. The court erred in giving instruction No. 2. The
error was not cured by giving another instruction stating
the opposite doctrine. 122 Ark. 272; 76 *Id.* 227; 99 *Id.*
377.

*F. G. Taylor, J. L. Taylor* and *G. B. Oliver,* for ap-
pellee.

1. The appeal should be dismissed because since the
judgment appellant has received the warrants which ap-
pellee paid into the treasury in satisfaction of the judg-
ment. 125 Ark. 136; 201 S. W. 125; 55 Ark. 633.

2. There is no error in instruction No. 2.

3. The court properly ruled in refusing to admit
in evidence the judgment in the case of *Clay County* v.
*Matthews.* The plea of former adjudication does not

aver that the parties are the same, nor the subject matter the same. 23 Cyc. 1527. The judgment in *Clay County* v. *Matthews* was not admissible in evidence. 23 Cyc. 1532, note 77. The parties were not the same. 23 Cyc. 1542 (5); Freeman on Judgments 178; 30 Am. Dig. (Cen. Ed.) 3139; 24 A. & E. Enc. Law, 834 (2).

4. The matter was not *res adjudicata.* See 52 Ark. 171; 64 *Id.* 447; Black on Judgments, § § 534, 542, 548; Heman on Estoppel § § 160, 182; 13 Ark. 214.

McCULLOCH, C. J. This action is one instituted by appellee, who was formerly sheriff of Clay County, against appellant who was treasurer of the county, to recover the sum of $6,000 alleged to have been paid to appellant as such treasurer, but which appellee was subsequently required to pay under order of the county court to appellant's successor. There was a trial of the issue before a jury which resulted in a judgment in favor of appellee. Appellee was sheriff and collector of Clay County for two terms, beginning on October 31, 1910, and ending October 31, 1914. Appellant was treasurer of Clay County for two terms covering the same period. Appellee filed his settlement as collector with the county court on July 18, 1913, showing that he had paid to the county treasurer all the funds with which he was chargeable as collector. On February 5, 1915, appellant filed a petition in the county court alleging that there was an error in the settlement of the collector, and prayed that the latter be cited to appear and that his said settlement as collector be readjusted. This petition was filed pursuant to the statute which provides that "whenever any error shall be discovered in the settlement of any county officer made with the county court, it shall be the duty of the court, at any time within two years from the date of such settlement, to reconsider and adjust the same." Kirby's Digest, § 7174.

Appellee appeared in the county court pursuant to the citation and made answer in which he claimed that the item of $6,000 in which it was claimed he was short

in his settlement had been paid by him to the county treasurer in county warrants. The county court, after hearing the evidence, rendered a judgment readjusting the settlement and requiring appellee to pay into the treasury the sum of $5,980.21, and rendered judgment against him and the sureties on his official bond. Appellee appealed to the circuit court where the case was tried *de novo* upon the issue whether or not he had delivered to appellant as treasurer the package containing $6,000 in county warrants, and there was a finding and judgment against appellee on that issue, and judgment was again rendered against him in favor of the county for the sum found to be due by the county court. There was an appeal to this court and the judgment was affirmed. *Matthews* v. *Clay County,* 125 Ark. 136. Appellee complied with the judgment by paying the sum adjudged into the treasury of Clay County, and then instituted the present action against appellant to recover the sum so paid.

He alleged in his complaint that he had paid said sum to appellant prior to the rendition of said judgment, while the latter was treasurer, but that appellant had failed to account for the same, and that he (appellee) had been required under judgment of the county court to pay it again. Appellant filed his answer denying that appellee had ever paid said sum of money to him, and also pleaded the former judgment of the circuit court, which had been affirmed by this court, as an adjudication of the questions involved in the present action. The court overruled the plea of former adjudication, and refused to permit appellant to introduce in evidence the record of those proceedings.

We are of the opinion that the court erred in its conclusion, and that the present action is barred by the former adjudication. It is too well settled to need citation of authorities in support that where there is identity of subject matter in two actions, the first judgment binds all the parties to that action and their privies. This is a principle quite familiar in our own decisions.

Now, it appears from the record of this case and the record of the other proceedings which was offered in evidence that the issues in the two cases were identical and the subject matter of the two controversies was the same. The question in both cases was whether or not appellee had, prior to his original settlement with the county court, delivered to appellant a certain package containing $6,000 in county warrants. Appellee affirmed that to be true, and appellant denied it. In the first trial it was adjudicated that appellee had not made such delivery, and in the present action the jury decided to the contrary. Appellant and appellee were both actual parties to the record. The proceedings for the readjustment of appellee's account were initiated by a petition filed in the county court by appellant. The treasurer of the county could, as the real party in interest, have brought the action against the defaulting collector. *Haynes* v. *Butler*, 30 Ark. 69. Or the proceedings could have been initiated by the county, and the fact that the judgment readjusting the account was made on motion of some third party was a matter which related only to the form of the proceedings. *Pettigrew* v. *Washington County*, 43 Ark. 33. Appellant was not treasurer of the county at the time he instituted the proceedings in the county court—his term had expired shortly before that time. But he had paid the funds into the county, and whatever sum was recovered from the appellee in the readjustment of the account inured to his benefit. *Bank of Midland* v. *Harris*, 114 Ark. 344.

If the county court, or the circuit court on appeal, had decided that appellee was not indebted to the county and refused to readjust this account, appellant would have been bound by that decision, and it necessarily follows that since the county court found that appellee was indebted to the county to the extent of the sum involved, and readjusted his account and ordered him to pay over the amount found due, he is bound by that decision in his present contention that he had in fact paid the sum over to the treasurer. It fol-

lows, therefore, that there is identity of parties as well as subject matter and issues, and that the former judgment is conclusive.

Appellee brings to our attention, by motion, the fact that since the rendition of the judgment below, appellant has received from the county the warrants which appellee paid in to the treasury in satisfaction of the judgment against him, and contends that that bars his right to prosecute the appeal. We do not think so for the reason that appellant was the beneficiary under the former proceedings and was entitled to withdraw the funds paid over to the county for his benefit.

The judgment is, therefore, reversed and the cause is dismissed.