DAVIES & DAVIES v. PATTERSON.

Opinion delivered January 20, 1919.

1. JUDGMENT—RES JUDICATA—PENDENCY OF ANOTHER SUIT.—A decision in a cause commenced and decided after the institution of another suit between the same parties may be *res judicata* as to matters involved in the first suit.

2. ARMY AND NAVY—ACTION AGAINST SOLDIER—CONTINUANCE.—The court did not abuse its discretion in failing to continue a case because a defendant was in the army where the matters embraced in litigation depended upon construction of a contract, such construction having been settled in another action between the same parties.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; affirmed.

STATEMENT OF FACTS.

This suit was commenced as a summary proceeding by a client against his attorneys to compel them to surrender money collected for them. The attorneys filed an answer verified by affidavit showing that there was a *bona fide* dispute as to the facts on which the right of the attorneys to retain the money was dependent. The attorneys claimed the right to retain the money under an agreement with the client which was in writing and

which was made a part of their answer. They also set up other facts tending to show their good faith in the matter. This court held that the circuit court should not on a summary application compel an attorney to pay over money to a client where there was a *bona fide* dispute between them as to the facts on which the right of the attorney to retain the fund depended. *Davies & Davies* v. *Patterson,* 132 Ark. 484. The opinion was delivered December 22, 1917. In the meantime A. J. Patterson instituted a suit against the Stuyvesant Insurance Company to recover on one of the policies of fire insurance. The company answered admitting liability but alleged that it had issued its draft payable to the plaintiff for the amount of its policy and had delivered the same to Davies & Davies, the plaintiff's attorneys, who were then in possession of the draft and declined to surrender it. The court ordered that the insurance company should pay the sum into court and that Davies & Davies be made parties defendant. The written contract between Davies & Davies and Patterson was set up in this suit and was the same contract as that in the summary proceeding above referred to. The attorneys in this suit also claimed that the matter was *res adjudicata* and to sustain that plea, set up the contract and the same state of facts which were stated in their answer in the summary proceeding. The court said, that while the parties were the same and the same subject matter was brought under review, yet, the issue in the proceeding for summary judgment was entirely different from the case at bar. The court further said that although the summary motion and the action at law may be between the same parties and concerning the same subject matter, it does not follow that facts which would constitute a good defense to a summary motion to have attorneys pay over the moneys collected by them would also constitute a cause of action in favor of the attorneys for fees in services rendered. The court held in that case that an attorney had a lien for his fees which can not be defeated by any settlement of the parties, but that the client had

the right to settle his cause of action without consulting his attorneys and that under the facts, the attorneys were not entitled to recover more than $100. The court further held that, it appearing from the undisputed evidence, that the attorneys had in their hands the sum of $678 belonging to their client, and inasmuch as this exceeded the amount of fees and costs for which the attorneys were entitled to judgment, there was no prejudicial error in directing a verdict and rendering judgment in appellees' favor.

In *Davies* v. *Patterson,* 135 Ark. 22, the opinion was delivered on June 24, 1918. After the decision of the Supreme Court in the summary proceeding, the case was remanded to the circuit court for further proceedings and the case then proceeded as a suit according to the course of the common law. The contract between the attorneys and the client was introduced in evidence and the same facts were set up that were shown in the proceedings in regard to the same matter stated above. The defendants also filed a counter-claim in which they set up that Patterson had acted maliciously and without probable cause. Other facts will be stated or referred to in the opinion. This case was heard and determined in the circuit court on the 11th day of July, 1918.

The circuit court held that all the issues in the case had been settled in the former proceedings except the counter-claim; that there was nothing whatever to show that Patterson had acted maliciously and without probable cause in instituting the proceedings against Davies & Davies. Hence the jury was directed to bring in a verdict in favor of Patterson against Davies & Davies for the balance of the attorney's fees which the latter had collected for the former and retained in their possession. The case is again here on appeal.

*R. G. Davies,* for appellants.

HART, J., (after stating the facts). It appears from the facts stated in the record that Patterson suffered a fire loss and failed to effect a settlement with the insur-

ance companies in which his property was insured. He employed Davies & Davies as his attorneys in the matter and entered into a written contract with them. Patterson instituted proceedings for a summary judgment against Davies & Davies to recover the money collected by them from the insurance companies for him. Because they filed an answer supported by an affidavit setting up a *bona fide* defense to the proceeding, the Supreme Court reversed the action of the circuit court in favor of Patterson and remanded the case for further proceedings according to the course of the common law. Upon the remand of the case it proceeded in the circuit court as a case brought and prosecuted according to the course of the common law. Before the case was heard in the circuit court Patterson instituted another proceeding against the insurance company to recover an amount alleged to be due him. Davies & Davies were made parties defendant to the action because the insurance company had already paid them the money for Patterson. In this case there was a verdict and judgment in favor of Patterson which was affirmed by the Supreme Court in an opinion delivered June 24, 1918. See *Davies & Davies* v. *Patterson,* 135 Ark. 22. Subsequent to the decision in this case the circuit court held in favor of Patterson in the present case upon the ground that the matters embraced in the present suit were concluded in the case just referred to. The decision of the circuit court was correct. The same facts and the same issues were raised in both suits and the circuit court was right in holding that the judgment of this court in *Davies & Davies* v. *Patterson, supra,* is conclusive on the matters at issue in the present case. *Cargill* v. *Matthews,* 137 Ark. 75. But it is objected by counsel for appellants that that case was commenced and decided after the institution of the present action. That does not make any difference. The fact that the present suit was commenced first did not prevent the judgment in that case from being conclusive of the issues in the case at bar. *Church* v. *Gallic,* 76 Ark. 423, and *Sallee, Treas.* v. *The Bank of Corning,* 134 Ark. 109,

203 S. W. 276. The circuit court correctly held that Davies & Davies should take nothing by reason of their counter-claim. The court sustained Patterson's contention as to the meaning of the contract between him and Davies & Davies and there is nothing whatever in the record tending to show that Patterson acted maliciously in the proceeding against Davies & Davies.

Again it is insisted that the court erred in failing to continue the case because the junior member of the firm of Davies & Davies was in the army. The court did not abuse its discretion in refusing to continue the case for the reason that the matters embraced in this litigation depended upon the construction of the contract between the parties and the construction to be placed upon the contract was settled by the decision in the case of *Davies & Davis* v. *Patterson, supra,* in the opinion delivered by this court on June 24, 1918.

It follows that the judgment must be affirmed.