PURVIS *v.* WALLS.

Opinion delivered December 7, 1931.

*June P. Wooten,* for appellant.

*Trieber & Lasley,* for appellee.

SMITH, J.  The United States Government issued to Tim Walls while he was a soldier in the army two life insurance policies, each for five thousand dollars.  Amy Walls, the wife of the insured, was the beneficiary in one policy and Ed Walls, a brother of the insured, was the beneficiary in the other.  The insured died, and on February 26, 1928, his beneficiaries employed appellant, a practicing attorney, to render such legal services as were deemed necessary to aid them in presenting and prosecuting their claims for the collection of the policies in which they were named as beneficiaries, and it was agreed that appellant would receive therefor only such com-

pensation as is provided by the laws of the United States for such services.

Pursuant to this employment appellant made investigations, conducted correspondence, and negotiated with the Veterans' Bureau in the attempt to compromise and settle the claims. These negotiations terminated in a disagreement, and appellant was preparing to bring suits for the face of the policies and certain disability benefits in addition which had accrued before the death of the insured, but before the suits were brought the beneficiaries in each of the policies made full and final settlement with the bureau and surrendered the policies. The settlements were made for less than the face of the policies and without disability benefits.

The proceeds of these settlements were deposited in a bank in Little Rock, and were garnished by appellant in this suit which he brought to recover damages for the breach of his contract of employment. Upon a final hearing, the garnishment was discharged, and damages were assessed in a sum equaling the interest on the money during the time it had been impounded, and appellant's suit was dismissed.

Before the institution of this suit appellant was paid $17.50 in cash, and, after its institution, a tender of $2.50 additional was made, this tender being upon the theory that appellant was entitled to a compensation of $10 in each case, and no more.

It is provided by § 445, United States Code, Annotated, title 38, that, in the event of a disagreement as to a claim under a contract of insurance issued by the government between the Veterans' Bureau and the claimant, suit may be brought against the United States to determine the controversy. By § 551, United States Code, Annotated, title 38, it is provided that, when a judgment or decree shall be rendered in an action brought pursuant to § 445, *supra*, the court, as a part of the judgment, shall determine and allow a reasonable fee for the attorney for the successful party, ''said fees not to exceed 10 per centum of the amount recovered and to be paid by the

bureau out of the payments to be made under the judgment or decree at a rate not exceeding one-tenth of each of such payments until paid.''

Appellant is not entitled to recover here under this § 551, *supra*. It is not alleged that he had recovered judgment on the policies in question. It was only alleged that he had a contract under which he would have brought suit, had his clients not compromised their claims for a sum less than they were entitled to demand from the United States Government.

It is settled law that an attorney cannot compel his client to continue litigation, and that the client may dismiss or settle the cause of action without consulting his attorney. *Davies* v. *Patterson,* 135 Ark. 22, 205 S. W. 118. Of course, in ordinary litigation such settlement would be subject to the contractual rights of the attorney in the proceeds of the settlement. *St. L., I. M. & S. R. Co.* v. *Blaylock,* 117 Ark. 504, 175 S. W. 1170, Ann. Cas. 1917A, 563; *St. L., I. M. & S. R. Co.* v. *Kirtley & Gulley,* 120 Ark. 389, 179 S. W. 648; *Davis* v. *Webber,* 66 Ark. 190, 49 S. W. 822, 45 L. R. A. 196, 74 Am. St. Rep. 81.

But here the plaintiff alleges a contract under which he ''would receive therefor only such compensation as was provided by the laws of the United States for such services.'' Indeed, he could not otherwise contract, as the federal statute fixes the compensation which may be paid attorneys. *Margolin* v. *United States,* 269 U. S. 93, 46 S. Ct. 64. Under this § 551, *supra,* it is provided that, except in the event of legal proceedings under § 445, *supra,* no claim agent or attorney can charge a fee as attorney or agent for services before the bureau in excess of $10 in any one case. This is the section which fixes appellant's compensation, and under it his compensation is $20, as he was concerned in two cases. As he has been paid $17.50 and tendered the balance of $2.50, he has no right to receive anything additional.

We are also of the opinion that damages were properly assessed upon the dissolution of the garnishments, and that damages were assessed in the proper amount,

to-wit, the interest at six per cent. on the money while it was wrongfully impounded.

It was expressly held in the case of *Wilson* v. *Sawyer*, 177 Ark. 492, 6 S. W. (2d) 825, that money due from the government under the World War Veterans' Act was not subject to the claims of creditors, and the writ of garnishment which had been sued out in that case was quashed because such funds were not subject to garnishment.

Appellant concedes that, under § 454, title 38, USCA, the funds were not subject to garnishment; but he insists that this section is unconstitutional, in that it enlarges the exemptions of citizens of this State to a sum in excess of that fixed by the Constitution of this State.

This contention is sufficiently answered by saying that the holding in *Wilson* v. *Sawyer, supra,* is to the contrary. The money was not subject to the demands of creditors, even after it had come into the hands of the beneficiaries of the policies or into the hands of another for their benefit. The *Wilson* v. *Sawyer* case so expressly held. Damages were therefore properly assessed for the wrongful garnishment of the money. The judgment of the court below dismissing appellant's cause of action is correct, and is therefore affirmed.