MARTIN v. POPE.

5-966                                    290 S. W. 2d 849

Opinion delivered June 4, 1956.

*Paul K. Roberts,* for appellant.

*Martin & Haley,* for appellee.

PER CURIAM. Appellees, Carl Pope and wife and Bradley Lumber Company, instituted this suit to quiet title to two adjacent 20-acre tracts of land. Appellants, Lummie Martin and Obilee Thomas, intervened in the suit which culminated in a decree quieting appellees'

title and dismissing the intervention of appellants on the ground that they had disposed of and no longer claimed any interest in the lands in controversy and had so testified at the trial.

At the outset, we are confronted with appellees' motion to dismiss the appeal supported by the affidavit of both appellants, which states: "That they are one and the same Obilee Thomas and Lummie Martin named in [the instant suit]; that they have never employed an attorney to represent them in said case and are not now represented by any attorney; that they sold the land in question and are not now and never have since said sale claimed any interest in said land; that they have not authorized any person to file an appeal with the Arkansas Supreme Court in connection with said case and that they do not desire said Court to consider any appeal in connection with said case; that they have not been in contact with any attorney in connection with perfecting an appeal and the first knowledge affiants had that an appeal had been taken was accidentally acquired from outside sources." The motion also sets forth the testimony of appellants at the trial to the effect that they had sold their interest in the lands in question.

"It is settled law that an attorney cannot compel his client to continue litigation, and that the client may dismiss or settle the cause of action without consulting his attorney. *Davies* v. *Patterson,* 135 Ark. 22, 205 S. W. 118. Of course, in ordinary litigation such settlement would be subject to the contractual rights of the attorney in the proceeds of the settlement. *St. L., I. M. & S. R. Co.* v. *Blaylock,* 117 Ark. 504, 175 S. W. 1170, Ann. Cas. 1917A, 563; *St. L., I. M. & S. R. Co.* v. *Kirtley & Gulley,* 120 Ark. 389, 179 S. W. 648; *Davis* v. *Webber,* 66 Ark. 190, 49 S. W. 822, 45 L. R. A. 196, 74 Am. St. Rep. 81." *Purvis* v. *Walls,* 184 Ark. 887, 44 S. W. 2d 353. A client's action in settling or dismissing his claim or cause of action without consulting his attorney may also entitle the latter to a lien for his fee under Ark. Stats. Sec. 25-301.

Since appellants had the right to discontinue or settle any cause of action they had against appellees, the motion to dismiss is sustained, but without prejudice to counsel's right to pursue any right of action or lien he may have for his services.